UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10194-RCL |
| | ) | |
| ANTHONY BUCCI, et al. | ) | |

**Government's Opposition to Defendant Jordan's Motion to
Amend Pretrial Conditions**

The United States of America, by and through Assistant United States Attorney John T. McNeil, respectfully submits this opposition to defendant Jordan's motion to amend his conditions of pretrial release. First, Jordan's desire to work to support his family and his desire to participate in driving his children to after-school activities is insufficient to give rise to a new bail hearing. The relevant section, 18 U.S.C. §3142(f), only permits the Court to reopen a bail hearing, "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required the safety of any person and the community." See 18 U.S.C. §3142(f); United States v. Cisneros, 328 F.3d 610, 614 (10th Cir. 2003)(party must present evidence which "constitu[es] new, material information . . . before a detention hearing can be reopened"); United States v. Dillon, 938 F.2d 1412, 1415 (1st Cir. 1991)(upholding district court's determination not to reopen bail hearing when defendant failed to provide new, material evidence); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989)(to reopen a bail hearing, judicial officer must find that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue"). Jordan's desire to earn income and to participate in the daily

1

chore of transporting children to after-school activities are not new information which could not be known at the time of the original bail hearing, nor are they material to the danger Jordan poses to witnesses in this case and to the community at large.

Even if this Court were to determine that Jordan has presented sufficient evidence to reopen the issue of his pretrial release, the Court should not change the existing terms of release. The amended conditions of release proposed by Jordan would prevent the Pretrial Services Office from adequately monitoring his activities. Moreover, the proposed terms would permit Jordan to pose a substantial risk to at least one cooperating witness in this case.

Jordan seeks permission to work for a general contractor at unspecified locations which may vary from day to day if not hour to hour. He also seeks the ability to drive his children to and from a myriad of after-school children's activities. Because of the nature of these activities – requiring frequent movement from one location to another – there is no adequate manner for the Pretrial Services Office to verify Jordan's compliance with terms of release. Since one cooperating witness lives a short distance from Jordan, and Jordan has an extraordinary incentive to dissuade this witness from testifying, that witness is placed at substantial risk.

Moreover, the government has presented evidence that Jordan participated in the theft of more than $80,000 of cocaine, that he did so at gunpoint, and that he grossly abused his authority as a law enforcement officer. He subsequently lied to other officers about his activities, attempted to conceal the identity of his co-conspirators, and was recorded instructing a co-conspirator to make certain that a third co-conspirator did not speak with or otherwise cooperate with police. As a result, Jordan faces a mandatory minimum sentence of 12 years incarceration on the pending charges. Given the nature of these crimes, Jordan should not be permitted to

engage in activities with children in his community while he is awaiting trial. What parent would want to risk their child interacting with a defendant facing such charges, particularly after the Court has concluded that there is probable cause to conclude that he committed these offenses?

Finally, Jordan has admitted to Pretrial Services that he smoked marijuana, and told officers that they would find it in his bloodstream at the time of his arrest. Given that he was working at the time of his arrest, and was in possession of a number of firearms at that time (including one stolen weapon), it can be inferred that he was under the influence of an illegal substance while he was on duty and while in possession of dangerous weapons. Permitting Jordan to work or to engage in driving young children about the community without addressing this drug issue would endanger the community.

For the foregoing reasons, the government respectfully requests that the Court deny Jordan's motion to amend the conditions of his release.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

Date: December 10, 2004          By: /S/ *John T. McNeil*
                              JOHN T. MCNEIL
                              Assistant U.S. Attorney