# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 04-10194-RCL** |
| | ) | |
| **ANTHONY BUCCI, et al.** | ) | |

### Government's Opposition to Defendant Jordan's Motion to Amend Pretrial Conditions

The United States of America, by and through Assistant United States Attorney John T. McNeil, respectfully submits this opposition to defendant Jordan's motion to amend his conditions of pretrial release (Doc. No. 118).

The Court should deny defendant Jordan's motion because his desire to work to support his family is insufficient to give rise to a new bail hearing. The relevant section, 18 U.S.C. §3142(f), only permits the Court to reopen a bail hearing, "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required the safety of any person and the community." See 18 U.S.C. §3142(f); United States v. Cisneros, 328 F.3d 610, 614 (10th Cir. 2003)(party must present evidence which "constitu[es] new, material information . . . before a detention hearing can be reopened"); United States v. Dillon, 938 F.2d 1412, 1415 (1st Cir. 1991)(upholding district court's determination not to reopen bail hearing when defendant failed to provide new, material evidence); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989)(to reopen a bail hearing, judicial officer must find that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue").

Simply put, Jordan's desire to earn income is not new information or information which could not be known at the time of the original bail hearing. Moreover, the fact that Jordan has complied with his terms of pretrial release is also not new information which may give rise to such a hearing. At the time that the Court released Jordan on stringent conditions it did so because it expected complete compliance with those conditions. If mere compliance with terms imposed is sufficient to reopen a bail hearing under 18 U.S.C. § 3142(f), then every defendant who behaved well in prison if detained, and every defendant who complied with terms of pretrial release, could reopen his bail hearing. See, e.g. United States v. Hare, 873 F.2d at 799 (upholding district court determination that defendant's good conduct in pretrial detention not sufficiently material to reopen bail hearing). Section 3142(f) is intended to limit those cases in which a bail hearing is reopened; permitting virtually all defendants the opportunity to reopen such hearings on the claim that they have behaved well during a portion of their pretrial release runs counter to that provision. Id.; United States v. Cisneros, 328 F.3d at 614; United States v. Dillon, 938 F.2d at 1415.

Even if this Court were to determine that Jordan has presented sufficient evidence to reopen the issue of his pretrial release, the Court should not change the existing terms of release. The amended conditions of release proposed by Jordan would permit him to travel to and from his workplace without any supervision, and would place him in a work environment in which his employer has conflicting interests. In particular, the business at which the defendant proposes to work is owned and operated by close family members. This Court has already rejected the defendant's request to be supervised by his father-in-law because there are substantial doubts about the father-in-law's ability and desire to ensure that Jordan complies with all terms of

2

release.  The substitution of Jordan's mother-in-law as an at-work custodian does not solve this infirmity with the defendant's motion.  Mrs. Spadafora will face the same conflicted loyalties as her husband.  There is substantial reason to believe that her family loyalties – to her daughter and to the defendant – will conflict with her obligation to strictly enforce all terms of pretrial release.  Thus, the Court should reject the defendant's proposed place of employment and his proposed at-work custodian.

Moreover, the government has presented evidence that Jordan participated in the theft of more than $80,000 of cocaine, that he did so at gunpoint, and that he grossly abused his authority as a law enforcement officer.  He subsequently lied to other officers about his activities, attempted to conceal the identity of his co-conspirators, and was recorded instructing a co-conspirator to make certain that a third co-conspirator did not speak with or otherwise cooperate with police.  As a result, Jordan faces a mandatory minimum sentence of 12 years incarceration on the pending charges.

Jordan has also admitted to Pretrial Services that he smoked marijuana, and told officers that they would find it in his bloodstream at the time of his arrest.  Given that he was working at the time of his arrest, and was in possession of a number of firearms at that time (including one stolen weapon), it can be inferred that he was under the influence of an illegal substance while he was on duty and while in possession of dangerous weapons.  Permitting Jordan to work or to engage in driving without addressing this drug issue would endanger the community.

Finally, if the Court is inclined to allow the defendant's motion, the government requests the following:

(A)     that the Court hold an evidentiary hearing at which the government is permitted to

3

examine Mrs. Spadafora regarding her qualifications and ability to act as a third
party custodian for the defendant during work hours;

(B)     that any new conditions of release specify the hours that the defendant may leave
his home and must return to his home for purposes of work;

(C)     that the defendant be transported to and from work by his current custodian (Mrs.
Kristen Jordan), and that he not be permitted to drive or otherwise leave his home
unaccompanied;

(D)     that the defendant is restricted during work hours to the premises at 136 Highland
Avenue in Malden, Massachusetts, and is not permitted to leave those premises
for any purpose other than to return home at the end of each work day;

(E)     that Mrs. Spadafora or other at-work custodian sign an agreement as a third party
custodian and that she be physically present at the work location at all times when
the defendant is working;

(F)     that Mrs. Spadafora or other at-work custodian be obligated to immediately report
any violations of any terms of pretrial release to the pretrial services officer; and

(G)     such other conditions as may be requested by the government after hearing Mrs.
Spadafora's testimony.

### Conclusion

For the foregoing reasons, the government respectfully requests that the Court deny
Jordan's motion to amend the conditions of his release.  In the event the Court is inclined to
grant the defendant's motion, the government requests that the Court hold an evidentiary
hearing and impose those additional conditions set forth above, along with other conditions

which may be requested by the government at that hearing.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

Date: April 12, 2005                    By: /S/ John T. McNeil
                                        JOHN T. MCNEIL
                                        Assistant U.S. Attorney