# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 04-10194-RCL** |
| | ) | |
| **DAVID JORDAN** | ) | |
| **and** | ) | |
| **ANTHONY BUCCI,** | ) | |
| **Defendants** | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America by and through Assistant United States Attorneys John T. McNeil and S. Theodore Merritt hereby submits , pursuant to Fed. R. Crim. P. 30, its request for jury instructions in the above-captioned case.  The United States also requests leave to file additional instructions as may become appropriate during the course of the trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

March 8, 2006                    By: */s/ John T. McNeil*
Date                                   JOHN T. McNEIL
                                       S. THEODORE MERRITT
                                       Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I, John T. McNeil, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

*/s/ John T. McNeil*
JOHN T. McNEIL
Assistant U.S. Attorney

# TABLE OF CONTENTS

**Preliminary Instructions**

DUTIES OF THE JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE . . . . . . . . . . . . . . . . . . . 2

PRELIMINARY STATEMENT OF ELEMENTS OF CRIME . . . . . . . . . . . . . . . . . . . . . . . . 3

EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES . . . . . . . . . . . . . . . . . . . 6

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONDUCT OF THE JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

NOTE-TAKING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

OUTLINE OF THE TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

STIPULATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**Final Instructions**

DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW . . . . . . . . . . . . . . . . . . . . . . 16

PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE
DOUBT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY . . . . . . . . . . . . . . . . . . . 18

DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES . . . . . . . . . . . . . . . . . . . . 19

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

CAUTIONARY AND LIMITING INSTRUCTIONS AS TO PARTICULAR
KINDS OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

STIPULATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

WHAT IS NOT EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

CAUTION AS TO COOPERATING WITNESS TESTIMONY . . . . . . . . . . . . . . . . . . . . . . 25

EXPERT TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

EVIDENCE OF DEFENDANT'S PRIOR ACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

PRIOR STATEMENTS OF WITNESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

CONSCIOUSNESS OF GUILT FROM FALSE
EXCULPATORY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

TAPE RECORDED EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

TRANSCRIPT OF TAPE RECORDED CONVERSATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . 31

PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

INDICTMENT – MULTIPLE COUNTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

COUNT I: CONSPIRACY GENERALLY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

COUNT I: CONSPIRACY TO POSSESS WITH INTENT TO
DISTRIBUTE AND TO DISTRIBUTE COCAINE, 21 U.S.C. § 846 . . . . . . . . . . . . . . . . . . . 37

COUNT I: DRUG QUANTITY, 21 U.S.C. § 846 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

CONSPIRACY - TIME PERIOD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

EXISTENCE OF THE CONSPIRACY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

MEMBERSHIP IN THE CONSPIRACY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

ACTS AND DECLARATIONS OF CO-CONSPIRATORS . . . . . . . . . . . . . . . . . . . . . . . . . . 44

COUNT II: POSSESSION OF COCAINE WITH INTENT
TO DISTRIBUTE, 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(ii) . . . . . . . . . . . . . . . . . . . . . . . . 46

POSSESSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

INTENT TO DISTRIBUTE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

COUNT II: DRUG QUANTITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

COUNT II – AIDING AND ABETTING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

COUNT III: CARRYING A FIREARM DURING AND IN RELATION
TO DRUG TRAFFICKING CRIME, OR POSSESSING A FIREARM
IN FURTHERANCE OF SUCH A CRIME, 18 U.S.C. § 924(c) . . . . . . . . . . . . . . . . . . . . . . . 52

COUNT III – PINKERTON LIABILITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

COUNT IV: WITNESS TAMPERING,
18 U.S.C. § 1512(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

COUNT IV: ELEMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

COUNT IV: INTIMIDATE OR CORRUPTLY PERSUADE . . . . . . . . . . . . . . . . . . . . . . . . . 59

COUNT IV: INTENT TO HINDER, DELAY, OR PREVENT
COMMUNICATION WITH FEDERAL LAW ENFORCEMENT
OFFICER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

COUNT IV – AIDING AND ABETTING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

COUNT V: POSSESSION OF COCAINE WITH INTENT
TO DISTRIBUTE,  21 U.S.C. § 841(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

COUNTS VI, VII, VIII: FALSE STATEMENTS,
18 U.S.C. §1001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65

LANGUAGE OF THE INDICTMENT: CONJUNCTIVE
AND DISJUNCTIVE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 67

"ON OR ABOUT" AND "IN OR ABOUT"- EXPLAINED . . . . . . . . . . . . . . . . . . . . . . . . . 68

FOREPERSON'S ROLE; UNANIMITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 70

REACHING AGREEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

RETURN OF VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

COMMUNICATION WITH THE COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

# PRELIMINARY

# INSTRUCTIONS

**DUTIES OF THE JURY**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial I will give you more detailed instructions.  Those instructions will control your deliberations.  It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not.  The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.01 (1998).

1

**NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE**

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by Assistant United States Attorneys John McNeil and Theodore Merritt.  There are two defendants in this case.  Defendant DAVID JORDAN is represented by Thomas Dreschler.  Defendant ANTHONY BUCCI is represented by Michael Natola.

The defendants have been charged in an eight count Indictment.  Defendant Jordan is charged with seven federal crimes, and Defendant Bucci is charged with four federal crimes, which I will describe in a moment.

The charges against the defendants are contained in the Indictment.  The Indictment is simply a description of the charges against them; it is not evidence of anything.  The defendants pleaded not guilty to the charges and deny committing the crimes.  The defendants are  presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven each defendant's guilt beyond a reasonable doubt.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.02 (1998)

2

## PRELIMINARY STATEMENT OF ELEMENTS OF CRIME

The defendants, DAVID JORDAN and ANTHONY BUCCI, have been charged by the government with violations of federal law.  The charges are as follows:

**COUNT I** charges Defendants David Jordan and Anthony Bucci with conspiracy to distribute and conspiracy to possess with intent to distribute, more than 500 grams of cocaine, from on or about December 2003 to May 20, 2004;

The government must prove beyond a reasonable doubt, the following elements:

**First**:     that from on or about December 2003 to on or about May 20, 2004, the agreement specified in the indictment, and not some other agreement or agreements, existed between the defendants, to possess with intent to distribute or to distribute cocaine; and

**Second**:     that the defendant willfully joined in that agreement.

If you find one or both of the defendants guilty of this offense, you will also be asked to determine whether the conspiracy involved more than 500 grams of cocaine.

**COUNT II** charges Defendants Jordan and Bucci with possession with intent to distribute more than 500 grams of cocaine, on or about December 24, 2003, and aiding and abetting that crime;

The government must prove beyond a reasonable doubt, the following elements:

**First:**     that on or about December 24, 2003, the defendant possessed cocaine, either actually or constructively;

**Second:**     that he did so with a specific intent to distribute the cocaine over which he had actual or constructive possession; and

**Third:**     that he did so knowingly and intentionally.

Alternatively, the government may prove beyond a reasonable doubt that one or both of the defendants aided and abetted the possession with intent to distribute cocaine by proving:

**First:**     someone else possessed cocaine with intent to distribute it; and

**Second:**     the defendant willfully associated himself in some way with the crime and willfully participated in it as he would in something he wished to bring about.

Again, if you find one or both of the defendants guilty either of possessing cocaine with intent to distribute or aiding and abetting the possession of cocaine with intent to distribute you will also be asked to determine whether the offense involved more than 500 grams of cocaine.

**COUNT III** charges Defendants Jordan and Bucci with using or carrying a firearm during and in

relation to a drug trafficking crime and possession of a firearm in furtherance of a drug trafficking crime, on or about December 24, 2003;

The government must prove beyond a reasonable doubt, the following elements:

| | |
|---|---|
| **First:** | **Either:** a) that the defendant committed the crime of conspiring to possess cocaine with the intent to distribute it from on or about December 2003 to on or about May 20, 2004, as described in Count I of the Indictment; **or** b) he committed the crime of possession of cocaine with intent to distribute it on or about December 24, 2003, or aiding and abetting that offense, as described in Count II of the Indictment; and |
| **Second:** | **Either**: a) that during and in relation to the commission of the crime charged in Count I or Count II, the defendant knowingly used or carried a firearm; **or** b) that the defendant knowingly possessed a firearm in furtherance of the crime charged in Count I or Count II. |

Alternatively, if one of the defendants did not actually use, carry or possess the firearm himself, the government may prove this crime beyond a reasonable doubt by proving:

| | |
|---|---|
| **First:** | That the defendant and one or more other persons committed the crime charged in Count I, a conspiracy to possess with intent to distribute cocaine; |
| **Second**: | That one or more other persons that committed the conspiracy crime charged in Count I also committed the crime charged in Count III, by using or carrying a firearm during and in relation to the conspiracy, or possessing the firearm in furtherance of the conspiracy; |
| **Third**: | That the crime of using or carrying of a firearm during and in relation to the conspiracy or possessing the firearm in furtherance of the conspiracy was committed in furtherance of the common plan and understanding found by you to exist among the co-conspirators; |
| **Fourth**: | That the defendant was a member of the conspiracy at the time the using, carrying or possessing the firearm occurred and had not withdrawn from it; and |
| **Fifth**: | That the defendant could have reasonably foreseen that the crime of using or carrying a firearm during and in relation to the conspiracy or possessing the firearm in furtherance of the conspiracy might be committed by one or more of his co-conspirators. |

**COUNT IV** charges just Defendant Jordan with attempted witness tampering from on or about December 24, 2003 to May 19, 2004, and aiding and abetting such a crime;

The government must prove beyond a reasonable doubt, the following elements:

| | |
|---|---|
| **First**: | That on or about the date charged, the defendant knowingly used intimidation or knowingly corruptly persuaded another person, or attempted to do so; |
| **Second**: | That the defendant acted with the intent to hinder, delay or prevent the |

4

communication to federal law enforcement officers of information related to the commission of a possible federal offense.

Alternatively, the government may prove beyond a reasonable doubt that David Jordan aided and abetted witness tampering by proving:

**First:**      someone else committed the crime of witness tampering as I have just described it; and

**Second:**      the defendant willfully associated himself in some way with the crime and willfully participated in it as he would in something he wished to bring about.

**COUNT V** charges just Defendant Bucci with possession of cocaine with intent to distribute on or about May 20, 2004;

The elements for this offense are the same as those for Count II.

**COUNTS VI, VII, and VIII** charge just Defendant Jordan with making false statements to law enforcement officers on or about December 26, 2003 and December 31, 2003.

For each count, the government must prove beyond a reasonable doubt, the following elements:

**First:**      that DAVID JORDAN knowingly made a material false statement;

**Second**;      that DAVID JORDAN made the statement voluntarily and intentionally; and

**Third:**      that DAVID JORDAN made the statement in a matter within the jurisdiction of the Drug Enforcement Administration.

You should understand, that what I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.04 (1998).

## EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated -- that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the

6

objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.05 (1998).

7

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.06 (1998).

## CONDUCT OF THE JURY

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

9

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.07 (1998).

**NOTE-TAKING**

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however. First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented. If you would prefer not to take notes at all but simply to listen, please feel free to do so. Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. Please take your notes to the jury room at every recess. I will have the courtroom deputy collect them at the end of each day and place them in the vault. They will then be returned to you the next morning. When the case is over, your notes will be destroyed. These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.08(1998).

11

## OUTLINE OF THE TRIAL

The first step in the trial will be the opening statements.  The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the Indictment is not evidence, neither is the opening statement evidence.  Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, each defendant's attorney may, if he chooses, make an opening statement.  At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against each defendant.  The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits.  In a moment I will say more about the nature of evidence.

After the government's evidence, each defendant's lawyer may present evidence in the defendant's behalf, but he is not required to do so.  I remind you that each defendant is presumed innocent, and the government must prove the guilt of each defendant beyond a reasonable doubt.  A defendant does not have to prove his innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.  I just told you that the opening statements by the lawyers are not evidence.  The same applies to the closing arguments.  They are not evidence either.  In their closing arguments the lawyers for the government and each defendant will

12

attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.09 (1998).

13

## STIPULATIONS

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and one or more defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

First Circuit Pattern Jury Instructions (Criminal) Inst. 2.01 (1998).

14

# FINAL

# INSTRUCTIONS

**DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW**

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.01 (1998).

**PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendants before you, DAVID JORDAN and ANTHONY BUCCI, have the benefit of that presumption throughout the trial, and you are not to convict either of them of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that DAVID JORDAN and ANTHONY BUCCI are guilty of the crime or crimes with which each is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Each defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to a defendant's guilt of a particular crime, it is your duty to acquit him of that crime. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of either or both of the defendant's guilt of a particular crime, you should vote to convict them.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.02 (1998).

17

**DEFENDANTS' CONSTITUTIONAL RIGHT NOT TO TESTIFY**

DAVID JORDAN and ANTHONY BUCCI each have a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that a defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.03 (1998).

## DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.

In your role as jurors, there is an important power that you have and that you inevitably must exercise while considering and evaluating the evidence that has been presented during the course of this trial. That is the power to draw inferences.

There are two types of evidence which you may use to determine the facts of a case: direct evidence and circumstantial evidence. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.

An inference is a permissible deduction that you may make from evidence that you have accepted as believable. Drawing inferences is something you do every day. Inferences are little steps in reasoning, steps in which you take some known information, apply your experience in life to it, and then draw a conclusion.

Some inferences may be consistent with guilt, and some may be consistent with innocence. When an essential element of a crime has not been proven by direct evidence -- that is, by evidence of what somebody saw, or heard, or in some way perceived with one of the five senses -- when it has not been proven in that fashion, you must use your collective and general knowledge in determining whether that element has been established by inferences reasonably

19

drawn from other facts in evidence. Any inference which you draw from such facts must be a reasonable and natural one and not merely conjecture or guesswork.

You are entitled to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence. Circumstantial evidence alone may be sufficient to convict the defendant if it persuades you beyond a reasonable doubt that the defendant is guilty of the offenses alleged in the Indictment.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.04 and 3.05 (1998);
United States v. Clifford, 979 F.2d 896 (1st Cir. 1992);
United States v. Wight, 968 F.2d 1393, 1395 (1st Cir. 1992);
United States v. Batista-Polanco, 927 F.2d 14, 17 (1st Cir. 1992).

## CREDIBILITY OF WITNESSES

As the jury, you alone decide the weight, the effect, and the value of the evidence and the credibility, that is, the believability, of the witnesses.  You do not have to accept the testimony of any witness if you find the witness not believable.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an event may simply see or hear it differently.  Innocent mis-recollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.06 (1998);
1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, § 15.01 (5th ed. 2000).

21

## CAUTIONARY AND LIMITING INSTRUCTIONS
## AS TO PARTICULAR KINDS OF EVIDENCE

A particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

<u>First Circuit Pattern Jury Instructions</u> (Criminal) Inst. 3.07 (1998).

**STIPULATIONS**

The evidence in this case includes facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and one or more defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

First Circuit Pattern Jury Instructions (Criminal) Inst. 2.01 (1998).

## WHAT IS NOT EVIDENCE

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence because the lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5) The Indictment is not evidence.  This case, like most criminal cases, began with a charge, or an indictment.  You will have that Indictment before you in the course of your deliberations in the jury room.  That Indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that these defendants have been indicted is no evidence whatsoever of their guilt.  The Indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court. The Indictment proves nothing.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.08 (1998).

## CAUTION AS TO COOPERATING WITNESS TESTIMONY

You have heard the testimony of a number of witnesses who provided evidence under agreements with the government; two of those witnesses also participated in the crimes charged against the defendants.  Some people in this position are entirely truthful when testifying.  Still, you should consider this testimony with care and caution.  When evaluating the credibility of such a witness, you may consider whether, to be helpful to law enforcement, he had reason to make up stories or exaggerate what others did.

First Circuit Pattern Jury Instructions (Criminal) Inst. 2.07 (1998)(adapted).

**EXPERT TESTIMONY**

You have heard testimony from persons described as experts.  An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony.  In weighing the testimony, consider the factors that generally bear upon the credibility of a witness as well as the expert's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

First Circuit Pattern Jury Instructions (Criminal) Inst. 2.06 (1998).

26

## EVIDENCE OF DEFENDANT'S PRIOR ACTS

You have heard evidence that the defendants previously committed unlawful acts, some of which were similar to those charged in this case. You may not use this evidence of prior unlawful acts to infer that, because of his character, either ANTHONY BUCCI or DAVID JORDAN must have carried out the acts charged in this case.

You may consider this evidence of prior unlawful acts only for the limited purpose of deciding: (1) whether a defendant had the state of mind or intent necessary to commit the crimes charged in the Indictment; (2) whether a defendant had a motive or opportunity to commit the acts charged; (3) whether a defendant acted according to a plan or in preparation for commission of a crime; (4) whether a defendant committed the acts he is charged with by accident or mistake; or (5) the nature and background of the relationship between or among co-conspirators.

Remember that these are the only purposes for which you may consider this evidence of prior unlawful acts. Even if you find that a defendant may have committed an unlawful act, or similar act in the past, this is not to be considered as evidence of character to support an inference that he committed the acts charged in this case.

Adapted from First Circuit Pattern Jury Instructions (Criminal) Inst. 2.05 (1998); United States v. Tse, 375 F.3d 148, 155 (1st Cir. 2004); United States v. Escobar-DeJesus, 187 F.3d 148, 169 (1st Cir. 1999).

27

## PRIOR STATEMENTS OF WITNESSES

You will recall that it was brought out that before this trial certain witnesses made earlier statements which were the same as, or similar to, what they said in the courtroom. These earlier statements were brought to your attention both as substantive evidence in the case and to help you decide whether you believe their testimony. If a witness said essentially the same thing on more than once occasion it may be reason for you to believe his or her testimony.

You will also recall that it was brought out that before trial certain witnesses made statements that you may deem to be inconsistent with the witness's testimony at trial. It is up to you to decide if the prior statement affects the believability of the witness's testimony at trial. However, if the prior statement of the witness was made before the grand jury, you may accept the witness's grand jury testimony as substantive evidence in the case the same as if it were his testimony at trial.

Federal Judicial Center Committee to Study Criminal Jury Instructions, Pattern Criminal Jury Instructions, No. 34 (Federal Judicial Center 1982)
Fed. R. Evid. 801(d)(2)(B)
United States v. Tome, 513 U.S. 150 (1995)
Fed. R. Evid. 801(d)(1)

## CONSCIOUSNESS OF GUILT FROM FALSE EXCULPATORY STATEMENT

You have heard testimony that the defendant made certain statements outside the courtroom to others in which the defendant claimed that his conduct was consistent with innocence and not with guilt. The government claims that these statements in which he exonerated or exculpated himself are false.

If you find that a defendant made a false statement in order to divert suspicion from himself, you may, but are not required to infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone, that the defendant is, in fact, guilty of the crime for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

1 Sand, Modern Federal Jury Instructions ¶6.05, Instruction 6-11, p. 6-37.
United States v. Dziurgot, 664 F.2d 6 (1st Cir. 1981).

## TAPE RECORDED EVIDENCE

As part of the evidence in this case, you have heard portions of a tape recorded conversation.  The conversation was legally recorded, and you may consider the recording just like any other evidence.

Manual of Model Criminal Jury Instruction for the District Courts of the Eight Circuit, Instruction No, 2.05, p. 27 (West 1994).  See generally 18 U.S.C. §§2510 - 2520.  Fed. R. Evid. 1002.  United States v. McMillan, 508 F.2d 101 (9th Cir, 1974), cert. denied, 421 U.S. 916 (1975); United States v. O'Connell, 841 F.2d 1408 (8th Cir. 1988), cert. denied, 488 U.S. 1011 (1989); United States v. Kandiel, 865 F.2d 967 (8th Cir. 1989).

**TRANSCRIPT OF TAPE RECORDED CONVERSATION**

You have been provided with a typewritten transcript of the portions of the tape recording that have been played for you during the trial. That transcript undertakes to identify the speakers engaged in the conversation, and to capture the precise words spoken by the speakers on the tape-recording.

You are permitted to have the transcript with you during your deliberations for the limited purpose of helping you follow the conversation as you listen to the tape recording, and also to help you keep track of the speakers. The transcript, however, is not evidence. The tape recording itself is the only evidence of its own contents.

You are specifically instructed that whether the transcripts correctly and incorrectly reflect the conversations or the identity of the speakers is entirely for you to decide based upon what you have heard here about the preparation of the transcripts, and upon your own examination of the transcripts in relation to what you hear on the tape recordings. If you decide that the transcripts are in any respect incorrect or unreliable, you should disregard them to that extent.

Differences in meaning between what you hear in the recording and read in the transcript may be caused by such things as the inflecting in a speaker's voice. You should, therefore, rely on what you hear rather than what you read when there is a difference. You may disregard any portion of the transcript which you think differs from what you hear on the tape recording.

Adapted from <u>Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit</u>. Instruction No. 2.06, p.28 (West 1994). <u>See generally</u> <u>United States v. Campbell</u>, 874

31

F.2d 838, 849-850 (1st Cir. 1989); United States v. Rengifo, 789 F.2d 975, 980 (1st Cir. 1986); United States v. McMillan, 508 F.2d 101 (8th Cir. 1974), cert. denied, 412 U.S. 916 (1975).

**PUNISHMENT**

The punishment provided by law for the offense charged in the indictment is a matter solely for the judge to decide.  The jury should make its decision as to whether a defendant is guilty or not guilty on the basis of the evidence presented, and must not consider the possible punishment in any way in coming to that determination.

Fifth Circuit Pattern Jury Instructions (Criminal) § 1.20 (1997);
1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions § 20.01 (5th ed. 2000).

## INDICTMENT – MULTIPLE COUNTS

Now I turn to the indictment and the statutes on which it is based. First, I remind you that an indictment is not evidence of any kind against a defendant. An indictment may allege more than one charge against a defendant; and when it does, the different charges are stated separately in what we call counts. The charges in the Indictment in this case are set forth in eight counts:

**COUNT I** charges Defendants David Jordan and Anthony Bucci with conspiracy to distribute and conspiracy to possess with intent to distribute, more than 500 grams of cocaine, from on or about December 2003 to May 20, 2004;

**COUNT II** charges Defendants Jordan and Bucci with possession with intent to distribute more than 500 grams of cocaine, on or about December 24, 2003, and aiding and abetting that crime;

**COUNT III** charges Defendants Jordan and Bucci with using or carrying a firearm during and in relation to a drug trafficking crime and possession of a firearm in furtherance of a drug trafficking crime, on or about December 24, 2003;

**COUNT IV** charges just Defendant Jordan with attempted witness tampering from on or about December 24, 2003 to May 19, 2004, or aiding and abetting such a crime;

**COUNT V** charges just Defendant Bucci with  possession of cocaine with intent to distribute on or about May 20, 2004;

**COUNTS VI, VII, and VIII** charge just Defendant Jordan with making false statements to law enforcement officers on or about December 26, 2003 and December 31, 2003.

The defendants have pleaded "not guilty" to each charge contained in the indictment. When a defendant pleads "not guilty," the government has to prove each of the things that is a part of the definition of an offense charged in the indictment. We commonly call the things the government has to prove as to a particular offense the "elements" of that offense. The government has the burden of establishing each of these elements by proof beyond a reasonable doubt for each defendant.

You must give separate consideration to each of the eight separate charges. That is, you


must consider each count separately, weighing separately the evidence as it bears against the

defendant.

Adapted from 1 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §§ 11.08 and 11.09
(3rd ed. 1977).

## COUNT I: CONSPIRACY GENERALLY

A conspiracy is an agreement or mutual understanding, knowingly made or knowingly entered into by at least two people, to violate the law through some joint or common plan or course of action. The gist of the offense is a combination, or an agreement, to disobey or disregard the law to achieve some unlawful purpose.

The crime of conspiring to violate Title 21, United States Code, Section 846 -- that is, conspiring to possess with intent to distribute or conspiring to distribute cocaine -- is separate from the crime of actually possessing with intent to distribute cocaine. The law refers to the goal of the conspiracy -- in this case, the distribution, or possession with intent to distribute, cocaine -- as the substantive crime.

Adapted from 1 L.B. Sand, Modern Federal Jury Instructions: Criminal, ¶19.01 (1993). See also United States v. Flores-Rivera, 56 F.3d 319, 324 (1st Cir. 1995)(elements of conspiracy to import cocaine established, absent actual importation of cocaine, where there was knowing and voluntary participation in conspiracy, and intent to effectuate object of conspiracy), citing, United States v. Piper, 35 F.3d 611, 615 (1st Cir. 1994), (defining "intent to commit" object of conspiracy as "an intent to effectuate the commission of the substantive offense. A defendant need not have had the intent to personally commit the substantive crime.")

## COUNT I: CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE AND TO DISTRIBUTE COCAINE
## 21 U.S.C. § 846

Defendants DAVID JORDAN and ANTHONY BUCCI are charged in Count One of the

Indictment with conspiracy to possess with intent to distribute and conspiracy to distribute 500

grams or more of cocaine, a Schedule II controlled substance.

Count I reads as follows:

Beginning on an unknown date, but at least by in or about December of 2003, and continuing
to on or about May 20, 2004, in the District of Massachusetts,
ANTHONY BUCCI,
a/k/a "Gino," and
DAVID JORDAN,
defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with
other persons, known and unknown to the Grand Jury, to distribute, and to possess with intent to
distribute, cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code,
Section 841(a)(1).
The Grand Jury further charges that the conspiracy involved 500 grams or more of cocaine,
to wit: approximately three kilograms of cocaine. Accordingly, 21 U.S.C. § 841(b)(1)(B)(ii) is
applicable to this count.
All in violation of Title 21, United States Code, Section 846.

For you to find the defendants guilty of conspiracy, you must be convinced that the

government has proven both of the following things beyond a reasonable doubt:

**First**:          that the agreement specified in the indictment, and not some other agreement

                   or agreements, existed between the defendants (and others), to possess with

                   intent to distribute or to distribute cocaine; and

**Second**:         that the defendant willfully joined in that agreement.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a

formal agreement or plan in which everyone involved sat down together and worked out all the

details. But the government must prove beyond a reasonable doubt that those who were involved

shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

Acting "willfully" means acting voluntarily and intelligently and with the specific intent that the underlying crime be committed -- that is to say, with bad purpose, either to disobey or disregard the law -- not acting by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before a defendant can be said to have willfully joined the conspiracy: an intent to agree, and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not enough alone, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that a defendant willfully joined in the agreement must be based upon evidence of his own words or actions. You need not find that a defendant agreed specifically to, or knew about all the details of, the crime, or knew every other co-conspirator, or that he participated in each act of the agreement, or played a major role, but the government must prove beyond a reasonable doubt that a defendant knew the essential features and general aims of the venture. Even if a defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the crime to possess with intent to

distribute or to distribute cocaine.

I instruct you as a matter of law that cocaine is a Schedule II controlled substance, as that phrase is used in the Indictment.

First Circuit Pattern Jury Instruction (Criminal) Inst. 4.03 (1998).

**COUNT I: CONSPIRACY TO DISTRIBUTE COCAINE -- DRUG QUANTITY**
**21 U.S.C. § 846**

If you find either Defendant DAVID JORDAN or ANTHONY BUCCI guilty of Count I, you will also have to determine the quantity of the substance involved. The indictment alleges that the conspiracy involved <u>500 grams or more</u> of cocaine. As you will see from the verdict form I give you at the end of these instructions, you need to determine beyond a reasonable doubt whether the conspiracy charged in Count I involved 500 grams or more of cocaine. Other than answering this question, you do not need to determine the precise amount of cocaine involved in the conspiracy.

Adapted from <u>Hornby's 2003 Revision to First Circuit Pattern Jury Instructions</u> (12/5/03) §4.21.841(a)(1)A; <u>Derman v. United States</u>, 298 F.3d 34, 42 (1st Cir. 2002); <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); <u>see</u> <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).

## CONSPIRACY - TIME PERIOD

The Indictment alleges that the conspiracy charged in Count I continued from at least on or about December 2003 through on or about May 20, 2004.  In determining whether the defendant and others conspired as charged, you need not find that the conspiracy existed during the entire period charged, or that the defendant was a member of the conspiracy during the entire period charged.  It is sufficient that you find that the conspiracy was in existence for any period of time in or around the period alleged in the indictment, and that the defendant was a member of the conspiracy during some portion of that period.

United States v. Hathaway, 534 F.2d 386, 401 n.19 (1st Cir.), cert. denied, 426 U.S. 819 (1976); United States v. Postma, 242 F.2d 488, 496-97 (2d Cir.) (per curiam), cert. denied, 354 U.S. 922 (1957).

## EXISTENCE OF THE CONSPIRACY

In your consideration of the conspiracy offense as alleged in the Indictment, you should first determine, from all of the testimony and evidence in the case, whether or not the conspiracy existed as charged.

To establish the existence of a conspiracy, the evidence need not show that the conspirators entered into any express or formal agreement, or even that they directly, by spoken or written words, stated between themselves just what their object or purpose was, or the details of the scheme, or the means by which they would succeed. It is sufficient if an agreement is shown by conduct evidencing a silent understanding to share a purpose to violate the law. A conspiracy is, by its very nature, usually secret in its origin and in its execution.

Since a conspiracy, by its very nature, is often secret, neither the existence of the common agreement or scheme, nor the fact of any defendant's participation in it need be proved by direct evidence. Both may be inferred from the development and course of dealings between the particular defendant and other conspirators.

Pattern Criminal Jury Instruction, Fifth Circuit Judges Association (West 1979), p.62; United States v. Lopez, 944 F.2d 33 (1st Cir. 1991); United States v. Guerro, 693 F.2d 10, 12 (1st Cir. 1982); United States v. Stubbert, 655 F.2d 453, 456 (1st Cir. 1981); United States v. Thompson, 621 F.2d 1147, 1151 (1st Cir. 1980); United States v. Hathaway, 534 F.2d 386, 400-401 (1st Cir.), cert. denied, 429 U.S. 819 (1976); United States v. Addonizio, 451 F.2d 49, 74 (3d Cir. 1971) cert. denied, 405 U.S. 936 (1972); United States v. Palladino, 203 F.Supp. 35, 37-38 (D.Mass. 1962).

## MEMBERSHIP IN THE CONSPIRACY

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourself whether the defendant was a member of the conspiracy. In deciding whether the defendant was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly or willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

The extent of a defendant's participation and role in the conspiracy is not determinative of that defendant's guilt or innocence. Two persons may be found to have conspired even though the evidence of and the scope of one's role is much greater than the evidence of and the scope of the other's role.

However, the government must prove beyond a reasonable doubt that the defendant knowingly and willfully became a member of the conspiracy. This means that in order to meet its burden the government must show that the defendant agreed to participate, directly or indirectly, in the violation of law.

A member of a conspiracy need not know the names, identities or even the number of all his co-conspirators. Nor need the government prove that a member of the conspiracy was aware of all the details of the conspiracy. An individual who joins a criminal venture with an indefinite outline takes his chances as to its membership and content, so long as they fall within the common purposes of the conspiracy as that member understands them.

United States v. Boylan, 898 F.2d 230, 241-3 (1st Cir. 1990), cert. denied, 111 S.Ct. 139 (1990); United States v. Bruant, 364 F.2d 598, 603 (4th Cir. 1966); Hernandez v. United States, 300 F.2d 114, 122 (9th Cir. 1962); United States v. Andolschek, 142 F.2d 503, 507 (2d Cir. 1944) (L. Hand).

## ACTS AND DECLARATIONS OF CO-CONSPIRATORS

I have admitted into evidence certain acts and statements of various individuals because these acts and statements are alleged to have been committed during the course and in furtherance of the conspiracy.

The reason for allowing this evidence to be received against the defendants has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy in furtherance of the common purpose of the conspiracy, are deemed under the law to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions. This is so even if the acts or statements in question were done or made in the absence of the defendant and without his knowledge.

However, before you consider the statements or acts of a coconspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone you do not find to have been a member of the conspiracy, or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against a particular defendant.

United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir. 1977); L.B. Sand, Modern Federal Jury Instructions: Criminal, §19-9 (1990); United States v. Angiulo, 847 F. 2d 956, 969 (1st Cir. 1988) ("As long as it is shown that a party, having joined a conspiracy, is aware of the conspiracy's features and general aims, statements pertaining to the details of plans to further the conspiracy can be admitted against the party even if the party does not have specific knowledge of the acts spoken of."). Devitt and Blackmar, Federal Jury Practice and Instructions, §14.13 (3d

ed. 1977).

## COUNT II: POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE
## 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(ii)

DAVID JORDAN and ANTHONY BUCCI are charged in Count II of the Indictment

with possessing cocaine with intent to distribute, or aiding and abetting the possession of cocaine

with intent to distribute, on or about December 24, 2003, in violation of 21 U.S.C. §§ 841(a)(1)

and 841(b)(1)(B)(ii).  It is against federal law to possess cocaine with the intention of

distributing it to someone else, or to aid and abet that conduct.  Count II of the Indictment reads:

On or about December 24, 2003, in the District of Massachusetts,

ANTHONY BUCCI,
a/k/a "Gino," and
DAVID JORDAN

defendants herein, did knowingly and intentionally possess with intent to distribute cocaine, a
Schedule II controlled substance.
        The Grand Jury further charges that the offense involved over 500 grams of cocaine, to
wit: approximately three kilograms of cocaine.  Accordingly, 21 U.S.C. § 841(b)(1)(B)(ii) is
applicable to this count.
        All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United
States Code, Section 2.

For you to find a defendant guilty of this crime, you must be convinced that the

government has proven each of the following elements beyond a reasonable doubt:

  **First**, that on or about December 24, 2003, the defendant possessed cocaine, either actually or

constructively;

  **Second**, that they did so with a specific intent to distribute the cocaine over which they had

actual or constructive possession; and

  **Third**, that they did so knowingly and intentionally.

It does not matter whether the defendant knew that the substance at issue was cocaine.  It is

sufficient that the defendant knew that it was some kind of prohibited drug.

46

<u>First Circuit Pattern Jury Instruction</u> (Criminal) Inst. 4.22 (1998);
<u>United States v. Kairouz</u>, 751 F.2d 467 (1st Cir. 1985)
<u>United States v. Latham</u>, 874 F.2d 852, 863 (1st Cir. 1989); <u>see</u> <u>also</u> <u>United States v. Akinola</u>, 985 F.2d 1105, 1109 (1st Cir. 1993); <u>United States v. Morales-Cartagena</u>, 987 F.2d 849, 852 (1st Cir. 1993).
21 U.S.C. § 812(a)(4)

## POSSESSION

The first element the government must prove is that a defendant knowingly possessed a quantity of cocaine. The term "possess" has the same meaning for Counts II, III, and V of the Indictment, and means to exercise authority, dominion, or control over something. It is not necessarily the same as legal ownership. The law recognizes different kinds of possession, including actual possession, constructive possession, and joint possession.

A person who has direct physical control of something on or around his person is in actual possession of it. That is, a person who physically holds a controlled substance or a firearm or has it on his person is in actual possession of that substance or firearm.

A person who is not in actual possession, but who knowingly has both the power and the intention to exercise control over something, is in constructive possession of it. The law recognizes no distinction between actual and constructive possession; either form of possession is sufficient.

Possession also includes both sole and joint possession. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint. The element of possession is proved if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others. It is not necessary to prove ownership of the object.

First Circuit Pattern Jury Instructions (Criminal) Inst. 4.06 (1998);
United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997);
United States v. Meade, 110 F.3d 190, 202-03 (1st Cir. 1997);
United States v. Rogers, 41 F.3d 25, 29 (1st Cir. 1994);
United States v. Ladd, 877 F.2d 1083, 1087-88 (1st Cir. 1989);
1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, § 16.05 (5th ed. 2000);
2 Leonard B. Sand et al., Modern Federal Jury Instructions, No. 35-49 (1999).

48

## INTENT TO DISTRIBUTE

The intent to distribute is typically established through circumstantial evidence.  In determining whether DAVID JORDAN or ANTHONY BUCCI intended to distribute any prohibited drug which you conclude was in his possession, you may consider all the surrounding circumstances.

It is not necessary for you to be convinced that a defendant actually delivered a prohibited drug to someone else or that either defendant made any money out of any such delivery.  It is enough for the government to prove, beyond a reasonable doubt, that a defendant had in his possession a substance that he knew was a prohibited drug, and that he intended to transfer it (or some of it) to someone else, with or without any financial interest in the transaction.

A person's intent may be inferred from the surrounding circumstances.  Intent to distribute may, for example, be inferred from a quantity of drugs larger than needed for personal use.  In other words, if you find that the defendant possessed a quantity of cocaine – more than that which would be needed for personal use – then you may infer that the defendant intended to distribute cocaine.  The law does not require you to draw such an inference, but you may draw it.

First Circuit Pattern Jury Instruction (Criminal) Inst. 4.22 (1998);
United States v. Echeverri, 982 F.2d 675, 678-79 (1st Cir.1993) (considering layout of defendant's apartment, amount of cocaine found, and the presence of a scale and a ledger as corroborative of intent to distribute); United States v. Latham, 874 F.2d 852, 863 (1st Cir. 1989); see also United States v. Akinola, 985 F.2d 1105, 1109 (1st Cir. 1993); United States v. Morales-Cartagena, 987 F.2d 849, 852 (1st Cir. 1993).

## COUNT II: DRUG QUANTITY

If you find either Defendant DAVID JORDAN or ANTHONY BUCCI  guilty of Count II, you will also have to determine the quantity of the substance involved.  The indictment alleges that the crime involved <u>500 grams or more</u> of cocaine.   As you will see from the verdict form I give you at the end of these instructions, you need to determine beyond a reasonable doubt whether the crime charged in Count II involved 500 grams or more of cocaine.  Other than answering this question, you do not need to determine the precise amount of cocaine involved in the crime.

Adapted from <u>Hornby's 2003 Revision to First Circuit Pattern Jury Instructions</u> (12/5/03) §4.21.841(a)(1)A; <u>Derman v. United States</u>, 298 F.3d 34, 42 (1st Cir. 2002); <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); <u>see</u> <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).

## COUNT II – AIDING AND ABETTING

There is a second way for the government to prove that DAVID JORDAN or ANTHONY BUCCI is guilty of Count II of the Indictment.  Count II also charges the defendants with aiding and abetting the possession with intent to distribute more than 500 grams of cocaine.

To "aid and abet" means intentionally to help someone else commit a crime.  To establish aiding and abetting, the government must prove beyond a reasonable doubt that (1) someone else committed the charged crime and (2) the defendant willfully associated himself/herself in some way with the crime and willfully participated in it as he/she would in something he/she wished to bring about.  This means that the government must prove that defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him/her.  A defendant need not perform the underlying criminal act, need not be present when it is performed, and need not be aware of the details of its execution to be guilty of aiding and abetting.  But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.  Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

An act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids be done - that is to say with bad purpose, either to disobey or disregard the law.

Therefore, in reaching a verdict on Count II of the Indictment you must consider not only whether DAVID JORDAN and ANTHONY BUCCI possessed cocaine with intent to distribute it; you must also consider whether, even if a defendant did not possess the cocaine himself, he nonetheless aided and abetted some other person who possessed the cocaine with intent to distribute it.

First Circuit Pattern Jury Instruction (Criminal) Inst. 4.02 (1998)(adapted).

51

## COUNT III: CARRYING A FIREARM DURING AND IN RELATION
## TO DRUG TRAFFICKING CRIME, OR POSSESSING A FIREARM IN
## FURTHERANCE OF SUCH A CRIME
## 18 U.S.C. § 924(c)

DAVID JORDAN and ANTHONY BUCCI are charged in Count III of the Indictment

with carrying a firearm during and in relation to the crime of conspiring to possess cocaine with

the intent to distribute it (as charged in Count I) and the crime of possession with intent to

distribute cocaine (as charged in Count II), in violation of 18 U.S.C. § 924(c), or possessing such

a firearm in furtherance of such crimes.  It is a separate crime for someone to carry a firearm in

relation to a drug trafficking crime, or to possess a weapon in furtherance of such a crime.  Count

III of the Indictment reads:

On or about December 24, 2003, in the District of Massachusetts,
ANTHONY BUCCI,
a/k/a "Gino," and
DAVID JORDAN,
defendants herein, did knowingly and intentionally use and carry a firearm during and in relation
to a drug trafficking crime, to wit: (1) conspiracy to distribute, and to possess with intent to
distribute, cocaine, in violation of Title 21, United States Code, Section 846 and (2) possession
of cocaine with intent to distribute, in violation of Title 21, United States Code, Section
841(a)(1), and did knowingly possess such firearm in furtherance of a drug trafficking crime.
All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

For you to find a defendant guilty of this crime, you must be satisfied that the

government has proven each of the following things:

First, **either:** 1) that the defendant committed the crime of conspiring to possess cocaine

with the intent to distribute it on or about December 2003 to on or about May 20, 2004, as

described in Count I of the Indictment; **or** 2) he committed the crime of possession of cocaine

with intent to distribute on or about December 24, 2003, as described in Count II of the

Indictment; and

Second, **either**: 1) that during and in relation to the commission of the crime charged in Count I or Count II, the defendant knowingly carried a firearm; **or**

2) that the defendant knowingly possessed a firearm in furtherance of the crime charged in Count I or Count II.

Let me explain the second element of the offense in more detail. The government may prove the second element in one of two ways – either prove knowingly using or carrying a firearm during and in relation to the crime in Count I or II, or possession of a firearm in furtherance of the crime in Count I or II.

I have already defined for you the term "possess."

Something is done "knowingly" if it is done voluntarily and intentionally, and not because of ignorance, mistake or accident.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; or any destructive device. The term "firearm" includes handguns, rifles, and shotguns.

To "carry" a firearm during and in relation to a crime means to move or transport the firearm on one's person or in a vehicle or container during and in relation to the crime, by either moving the firearm while supporting it (as in one's hands or arms), by moving the firearm an appreciable distance, or by bringing the firearm along to another place. An example of someone carrying but not using a firearm is when someone keeps a gun in their clothing or concealed in an accessible area of their car during the commission of a crime. The firearm must have played a role in the crime of conspiracy to possess with intent to distribute cocaine or in the possession

53

with intent to distribute cocaine, or must have been intended by the defendant to play a role in one of those crimes. That need not have been the weapon's sole purpose, however.

To possess a firearm in furtherance of a crime means to possess it in a way the furthers, advances, or helps forward the underlying crime. The government must prove that the defendant's possession of the firearm was for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal of the drug trafficking crime. Thus, the government has satisfied the possession prong only if you are convinced that the firearm played or was intended to play a role in the accomplishment of the drug conspiracy or the possession with intent to distribute cocaine.

Adapted from Hornby's 2003 Revision to First Circuit Pattern Jury Instructions, (12/5/03) §4.18.924; First Circuit Pattern Jury Instruction, (Criminal) Inst. 4.07 (1998); United States v. Felton, 417 F3d 97, 104-105 (2005)(possession in furtherance); United States v. Grace, 367 F.3d 29, 35-36 (1st Cir. 2004)(possession in furtherance);United States v. Tracy, 36 F.3d 187, 194-95 (1st Cir. 1994)(definition of knowingly); United States v. Valle, 72 F.3d 210, 217 (1st Cir. 1995)(definition of use); Bailey v. United States, 116 S. Ct. 501, 505-09 (1995)(definition of use); United States v. Ceballos-Torres, 218 F.3d 409, 415 (5th Cir. 2000)(possession in furtherance); United States v. Sparrow, 371 F.3d 851, 853-854 (3rd Cir. 2004)(possession in furtherance); United States v. Basham, 268 F.3d 1199, 1206 (10th Cir. 2001); United States v. Mackey, 265 F.3d 457, 460-61 (6th Cir. 2001).

## COUNT III – PINKERTON LIABILITY

There is a second way you can find a defendant guilty on Count III of the Indictment if you find that he did not possess, use or carry a firearm himself.   A defendant who has been found to have participated in a conspiracy may be held responsible for certain criminal acts of the other co-conspirators, including the crime charged in Count III of the Indictment.

A member of a conspiracy who commits another crime during the existence or life of a conspiracy and commits this other crime in order to further or somehow advance the goal(s) or objective(s) of the conspiracy may be found by you to be acting as the agent of the other members of the conspiracy.  The illegal actions of this person in committing this other crime may be attributed to other individuals who are then members of the conspiracy.  Under certain conditions, therefore, a particular defendant may be found guilty of this other crime even though he or she did not participate directly in the acts constituting that offense or even know about its commission.

With respect to Count III, if you have not found a defendant possessed, used or carried the firearm himself, you may nonetheless find him guilty if you find, beyond a reasonable doubt, the following:

**First:**  That the defendant and one or more other persons committed the crime charged in Count I, a conspiracy to possess with intent to distribute cocaine;

**Second**:  That one or more other persons that committed the conspiracy crime charged in Count I also committed the crime charged in Count III, by using or carrying a firearm during and in relation to the conspiracy, or possessing the firearm in furtherance of the conspiracy;

**Third**:  That the crime of using or carrying of a firearm during and in relation to the conspiracy or possessing the firearm in furtherance of the conspiracy was committed in furtherance of the common plan and understanding

55

found by you to exist among the co-conspirators;

**Fourth**:        That the defendant was a member of the conspiracy at the time the using, carrying or possessing the firearm occurred and had not withdrawn from it; and

**Fifth**:        That the defendant could have reasonably foreseen that the crime of using or carrying a firearm during and in relation to the conspiracy or possessing the firearm in furtherance of the conspiracy might be committed by one or more of his co-conspirators.

     With respect to Count III, if you find all five of these elements have been proven beyond a reasonable doubt, then you may find the defendant guilty, even if he did not personally possess, use or carry the firearm and even if he did not have actual knowledge of his co-conspirator's intent to possess or carry the firearm.

Adapted from Hornby's 2003 Revision to First Circuit Pattern Jury Instructions (12/5/03) §4.18.371(2); Adapted from 1 Leonard B. Sand, et al., Modern Federal Jury Instructions, § 19.03, Instruction No. 19-13 (1995); 2 Edward J. Devitt , et al., Federal Jury Practice and Instructions, § 28.10 (4th ed. 1990); Pinkerton v. United States, 328 U.S. 640, 645-6 (1946); United States v. Alvarez, 626 F.2d 208, 210 (1st Cir. 1980).  Pinkerton instructions have frequently been applied in the context of 18 U.S.C. §924(c).  See, e.g., United States v. Flecha-Maldonado, 373 F.3d 170, 179 (1st Cir. 2004);  United States v. Shea, 150 F.3d 44, 50 (1st Cir. 1998); United States v. Johnson, 886 F.2d 1120, 1123 (9th Cir. 1989), cert. denied, 494 U.S. 1089 (1990); United States v. Golter, 880 F.2d 91, 93-4 (8th Cir. 1989); United States v. Raborn, 872 F.2d 589, 595-6 (5th Cir. 1989); United States v. Diaz, 864 F.2d 544, 547-9 (7th Cir. 1988), cert. denied, 490 U.S. 1070 (1989); United States v. Douglass, 780 F.2d 1472, 1474-7 (9th Cir. 1986).

## COUNT IV: WITNESS TAMPERING
### 18 U.S.C. § 1512(b)(3)

Defendant DAVID JORDAN is charged in Count Four with violating Title 18, United

States Code, Section 1512, which prohibits obstructing justice by tampering or attempting to

tamper with a witness.  He is also charged with aiding and abetting such criminal conduct.

Count Four charges as follows:

From on or about December 24, 2003, to on or about May 19, 2004, in the District of
Massachusetts,

DAVID JORDAN,

defendant herein, did knowingly attempt to intimidate,  threaten, and corruptly persuade another
person with the intent to hinder, delay and prevent the communication to a law enforcement
officer of information relating to the commission and possible commission of a Federal offense.

All in violation of Title 18, United States Code, Sections 1512(b)(3) and 2.

Adapted from 2 L. Sand et al., Modern Federal Jury Instructions ¶ 46.05, Instruction 46-29
(Matthew Bender 1997); United States v. Veal, 153 F.3d 1233, 1250 (11th Cir.
1998)("1512(b)(3) is based on the federal interest of protecting the integrity of potential federal
investigations by ensuring that transfers of information to federal law enforcement . . . relating to
the possible commission of federal offenses be truthful and unimpeded.")

## COUNT IV: ELEMENTS

In order to prove the crime of witness tampering, the United States must prove the following two elements beyond a reasonable doubt.

First:        That on or about the date charged, the defendant knowingly used intimidation or knowingly corruptly persuaded another person, or attempted to do so;

Second:    That the defendant acted with the intent to hinder, delay or prevent the communication to federal law enforcement officers of information related to the commission of a possible federal offense.

18 U.S.C. § 1512; Arthur Andersen v. United States, 125 S. Ct. 2129, 2135 (2005); United States v. Byrne, 435 F.3d 16, 24  (1st Cir. 2006); United States v. Bailey, 405 F.3d 102, 108 (1st Cir. 2005); United States v. Baldyga, 233 F.3d 674 (1st Cir. 2000); United States v. Victor, 973 F.2d 975, 978 (1st Cir. 1992).

## COUNT IV: INTIMIDATE OR CORRUPTLY PERSUADE

The first element of this offense requires that the government prove that the defendant knowingly used intimidation or knowingly corruptly persuaded another person, or attempted to do so.

The term "intimidation" has no technical legal meaning and should be interpreted by you by its everyday usage.

The phrase "knowingly corruptly" means to act with a consciousness of wrongdoing and an improper purpose. To find that the defendant attempted to knowingly corruptly persuade another person you need not find that he threatened, intimidated, misled or coerced that person. A defendant's non-coercive, non-deceptive contacts with another person are knowing corrupt persuasion if he acts with a consciousness of wrongdoing and he is motivated by an improper purpose to impede the flow of information to federal law enforcement officials about the possible commission of a federal crime.

To "attempt" an offense means intentionally to do some act in an effort to bring about or accomplish something the law forbids to be done, knowing one is acting contrary to law. The defendant must have engaged in conduct that went beyond mere planning or preparation. There must have been a substantial step in furtherance of the crime that was strongly corroborative of the defendant's original intent.

Arthur Andersen v. United States, 125 S. Ct. 2129, 2135 (2005)(knowing corrupt persuasion requires a consciousness of wrongdoing); United States v. Byrne, 435 F.3d 16, 24 (1st Cir. 2006); United States v Thompson, 76 F.3d 442, 446 (2d. Cir. 1996)("Corrupt persuasion means that defendant's attempts to persuade were motivated by an improper purpose."); United States v.

Shotts, 145 F.3d 1289, 1301 (11th Cir. 1998)("corruptly" means "with an improper purpose");H.R. Rep. No. 100-169, 100th Cong., 1st Sess. 12 (1987) ("corruptly persuades" language was included expressly to ensure that "culpable conduct that is not coercive" could be prosecuted under Section 1512(b)); 134 Cong. Rec. S7446-7447 (June 8, 1988) (defining "corruptly persuaded" as "a non-coercive attempt to induce a witness to become unavailable to testify or to testify falsely.") ; United States v. Aguilar, 21 F.3d 1475, 1485 (9th Cir. 1994) (phrase "corruptly persuades" provides for non-coercive witness tampering), aff'd in part, rev'd in part, 515 U.S. 593 (1995); id. at 1486 (appealing to person not to testify because defendant will lose his job is corrupt persuasion) (dictum); United States v. Kulczyk, 931 F2d 542, 546 n.7 (9th Cir. 1991) (corruptly persuades includes non-coercive, non-deceptive witness contacts) (dictum); United States v. Masterpol, 940 F.2d 760, 763 (2d Cir. 1991) ("corruptly persuades" language of § 1512 was added to the obstruction statute in 1988 to include "noncoercive witness contacts") (dictum).

## COUNT IV: INTENT TO HINDER, DELAY, OR PREVENT COMMUNICATION
## WITH FEDERAL LAW ENFORCEMENT OFFICER

The second element requires the government to prove that the defendant acted with the intent to hinder, delay, or prevent the communication [of information] to a law enforcement officer of the United States about the possible commission of a federal offense.

As I have described previously, intent is a state of mind and can be proven by circumstantial evidence.

The government is not required to prove that there was any actual delay or withholding of information, or that a federal investigation was pending at the time the defendant attempted to corruptly persuade or intimidate a person.

Nor does the government have to prove that a defendant intended to interfere with an investigation that the defendant knew was federal. All that need be proven is that the defendant attempted to corruptly persuade or intimidate a person, intending that that person would either provide false information to law enforcement or fail to communicate with law enforcement, and the possibility existed that the investigation could become federal. The government must also show that, in fact, a federal investigation did occur.

The defendant need not have been successful in his efforts to hinder, delay, or prevent a communication to federal law enforcement in order for this element to be met.

Further, I instruct you that a conspiracy to possess cocaine with intent to distribute it, and possession of cocaine with intent to distribute both constitute federal offenses within the meaning of 18 U.S.C. § 1512. The government need not prove that the defendant knew that the offense was federal in nature. Nor does the government need to prove the commission of the offense because this statute requires only that the defendant attempted to corruptly persuade or

61

intimidate a witness to interfere with the flow of information about the *possible* commission of a federal offense.

Last as to this element, I instruct you that agents of the Drug Enforcement Agency are law enforcement officers of the United States.

United States v. Bailey, 405 F.3d 102, 108 (1st Cir. 2005)(1512 does not require that defendant know that the underlying conduct could constitute a federal offense); 18 U.S.C. § 1512(f)(2)(no state of mind need be proved with respect to the federal status of the law enforcement officer); United States v. William Benson, et. al., Cr. No. 00-10431-RCL; United States v. Baldyga, 233 F.3d 674, 680-81 (Section 1512 violated where "the possibility existed" that witness would eventually communicate with federal officials); Id. at 681 ("All that § 1512(b)(3) requires is that the government establish that the defendant[] had the intent to influence an investigation that happened to be federal.") (citations omitted); United States v. Freeman, 208 F.3d 332 (1st Cir. 2000); United States v. Diaz, 176 F.3d 52, 90 (2d Cir. 1999) (finding federal jurisdictional element satisfied where defendant intended to prevent witness from communicating with local authorities and in fact federal and local authorities together were investigating defendant's activities);United States v. Perry, 335 F.3d 316, 321-322 (4th Cir. 2003)(statute does not require showing of defendant's knowledge that he hindered, delayed or prevented communications to a federal law enforcement officer regarding a federal offense, but requires only that the government establish that the defendant had the intent to influence an investigation that happened to be federal).

## COUNT IV – AIDING AND ABETTING

There is a second way for the government to prove that DAVID JORDAN is guilty of witness tampering as charged in Count IV of the Indictment.  Count IV also charges DAVID JORDAN with aiding and abetting witness tampering.

I have already instructed you on aiding and abetting.  To summarize, the government must prove beyond a reasonable doubt that: (1) someone else committed witness tampering as I have instructed you and (2) DAVID JORDAN willfully associated himself in some way with the crime and willfully participated in it as he would in something he wished to bring about.

Adapted from First Circuit Pattern Jury Instruction (Criminal) Inst. 4.02 (1998).

## COUNT V: POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE
## 21 U.S.C. § 841(a)(1)

ANTHONY BUCCI is charged separately in Count V of the Indictment with possessing cocaine with intent to distribute.  Count II of the Indictment reads in relevant part[1]:

On or about May 20, 2004, in the District of Massachusetts,
ANTHONY BUCCI,
a/k/a "Gino"
defendant herein, did knowingly and intentionally possess with intent to distribute cocaine, a Schedule II controlled substance.
All in violation of Title 21, United States Code, Section 841(a)(1).

For you to find ANTHONY BUCCI guilty of this crime, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

**First**:        that on or about May 20, 2004, Anthony Bucci possessed cocaine, either actually

or constructively;

**Second**:        that he did so with a specific intent to distribute the cocaine over which he had

actual or constructive possession; and

**Third**:        that he did so knowingly and intentionally.

I have defined each of these elements earlier in my instructions on Count II.

_____

[1] The Indictment also alleges that, "The Grand Jury further charges that the offense involved  approximately 91 grams of cocaine."  Because the amount of cocaine alleged in this count of the Indictment does not alter the statutory maximum or statutory minimum penalty, the jury does not need to make a determination with respect to the amount of cocaine.  See 21 U.S.C. §841(b)(1)(C); United States v. Mercado Irizarry,404 F.3d 497, 503 (1st Cir. 2005)(default statutory maximum sentence of 20 years found in 21 U.S.C. §841(b)(1)(C)).  Thus, the government requests that this portion of the Indictment be omitted from the instructions.

64

## COUNTS VI, VII, VIII: FALSE STATEMENTS
## 18 U.S.C. §1001

DAVID JORDAN is charged in Counts VI, VII, and VIII with making three separate

false statements in a matter within the jurisdiction of a federal agency.   It is a violation of

federal law to make such a material false statement.

Count VI charges that:

On or about December 26, 2003, in the District of Massachusetts,
DAVID JORDAN,
defendant herein, in a matter within the jurisdiction of the Drug Enforcement Administration, an
agency of the United States Department of Justice, did knowingly and willfully make a false,
fraudulent, and fictitious material statement and representation by stating that he forgot the name
of an "Italian" that he had encountered on December 24, 2003.
All in violation of Title 18, United States Code, Section 1001.


Count VII charges that:

On or about December 26, 2003, in the District of
Massachusetts,
DAVID JORDAN,
defendant herein, in a matter within the jurisdiction of the Drug Enforcement Administration, an
agency of the United States Department of Justice, did knowingly and willfully make a false,
fraudulent, and fictitious material statement and representation by indicating that his informant
was at home at the time that DAVID JORDAN arrived at the Malden Medical Center on or about
December 24, 2003.
All in violation of Title 18, United States Code, Section 1001.


Count VIII charges that:

On or about December 31, 2003, in the District of
Massachusetts,
DAVID JORDAN,
defendant herein, in a matter within the jurisdiction of the Drug Enforcement Administration, an
agency of the United States Department of Justice, did knowingly and willfully make a false,
fraudulent, and fictitious material statement and representation by indicating that the color of a
Mercedes that he observed on or about December 24, 2003, was "champagne" or "greyish."
All in violation of Title 18, United States Code, Section 1001.

For you to find DAVID JORDAN guilty of each of these crimes you must be convinced that the government has proven each of these things beyond a reasonable doubt:

**First:**        that DAVID JORDAN knowingly made a material false statement;

**Second:**        that DAVID JORDAN made the statement voluntarily and intentionally; and

**Third:**        that DAVID JORDAN made the statement in a matter within the jurisdiction of the Drug Enforcement Administration.

A false statement is made "knowingly" if DAVID JORDAN knew that it was false or demonstrated a reckless disregard for the truth with a conscious purpose to avoid learning the truth.

A statement is "material" if it has a natural tendency to influence or to be capable of influencing the decision of the decision-maker to which it was addressed. It is not necessary that the statement, representation, promise or concealment, in fact, influence or deceive. The government is not required to prove that anyone actually relied upon any particular false statement, representation, or promise, or concealment, so long as it proves beyond reasonable doubt that false statements were made that concerned matters that a reasonable person might have considered important.

A statement is "false" if it was untrue when made.

First Circuit Pattern Jury Instructions (Criminal) Inst. 4.08 (1998).

66

### LANGUAGE OF THE INDICTMENT: CONJUNCTIVE AND DISJUNCTIVE

Although the Indictment charges in the conjunctive "and," the government only needs to prove in the disjunctive "or." For example, Count I charges the defendants with conspiring "to distribute, and to possess with intent to distribute, cocaine." However, the government only needs to prove that they conspired to distribute or conspired to possess to distribute cocaine. Thus, with respect to the Indictment, you should read the word "and" as the word "or."

United States v. McCann, 465 F.2d 147, 162 (5th Cir. 1972); Fields v. United States, 408 F.2d 885, 887 (5th Cir. 1969).

67

## "ON OR ABOUT" and "IN OR ABOUT"- EXPLAINED

The Indictment charges that the crimes were committed "on or about" or "in or about" certain dates.  For example, Count I charges that the conspiracy was committed "by in or about December of 2003, and continuing to on or about May 20, 2004."  Although it is necessary for the government to prove beyond a reasonable doubt that an offense was committed on a date reasonably near the dates alleged in the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the dates charged.

Adapted from Devitt, Blackmar, Wolff, and O'Malley, <u>Federal Jury Practice and Instructions</u>, §13.05 (4th ed. 1992).

68

**FOREPERSON'S ROLE; UNANIMITY**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.01 (1998);

69

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.02 (1998);

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.


First Circuit Pattern Jury Instruction (Criminal) Inst. 6.03 (1998);

71

## RETURN OF VERDICT FORM

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**Proposed Verdict Forms Appended.**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.04 (1998);

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.  You may continue with your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.05 (1998);

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **CRIMINAL NO. 04-10194-RCL** |
| ) | |
| **DAVID JORDAN** ) | |
| **and** ) | |
| **ANTHONY BUCCI,** ) | |
| **Defendants** ) | |

**VERDICT FORM**

**COUNT ONE**
**(Conspiracy to Possess with Intent to Distribute, and to Distribute, Cocaine)**

1.     Do you find that David Jordan is:

❑ not guilty          ❑ guilty

of Count One of the Indictment?

2.     Do you find that Anthony Bucci is:

❑ not guilty          ❑ guilty

of Count One of the Indictment?

If your answer is <u>not guilty</u> as to both defendants, do not go on to question (3).  If your answer is

<u>guilty</u> as to one or both defendants, answer question (3) below.

3.     Do you find that the conspiracy involved 500 grams or more of a mixture or substance

containing a detectable amount of cocaine?

❑ no                    ❑ yes

74

## COUNT TWO
### (Possession with Intent to Distribute Cocaine/Aiding and Abetting)

1.     Do you find that David Jordan is:

      ❑ not guilty          ❑ guilty

of Count Two of the Indictment?

2.     Do you find that Antony Bucci is:

      ❑ not guilty          ❑ guilty

of Count Two of the Indictment?

If your answer is <u>not guilty</u> as to both defendants, do not go on to question (3).  If your answer is

<u>guilty</u> as to one or both defendants, answer question (3) below.

3.     Do you find that the amount possessed with an intent to distribute involved 500 grams or

more of a mixture or substance containing a detectable amount of cocaine?

      ❑ no                    ❑ yes

75

## <u>COUNT THREE</u>
### <u>(Using or Carrying a  Firearm During and in Relation<br>to a Drug Trafficking Crime/ Possession of a Firearm<br>in Furtherance of a Drug Trafficking Crime)</u>

1.     Do you find that David Jordan is:

    ❑ not guilty          ❑ guilty

  of Count Three of the Indictment?

2.     Do you find that Antony Bucci is:

    ❑ not guilty          ❑ guilty

  of Count Three of the Indictment?

76

## COUNT FOUR
### (Witness Tampering/Aiding and Abetting)

1.    Do you find that David Jordan is:

❑ not guilty          ❑ guilty

of Count Four of the Indictment?

## COUNT FIVE
### (Possession with Intent to Distribute Cocaine)

1.    Do you find that Anthony Bucci is:

      ❑ not guilty      ❑ guilty

of Count Five of the Indictment?

## **COUNT SIX**
### **(False Statement)**

1.      Do you find that David Jordan is:

   ❑ not guilty  ❑ guilty

of Count Six of the Indictment?

## <u>COUNT SEVEN</u>
### <u>(False Statement)</u>

1.    Do you find that David Jordan is:

❑ not guilty        ❑ guilty

of Count Seven of the Indictment?

## COUNT EIGHT
## (False Statement)

1.     Do you find that David Jordan is:

❑ not guilty          ❑ guilty

of Count Eight of the Indictment?