UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10194-RCL |
| ) | |
| DAVID JORDAN ) | |
|     and ) | |
| ANTHONY BUCCI, ) | |
|     Defendants ) | |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF
### MOTION IN LIMINE ON CHARACTER EVIDENCE

It is anticipated that the defendant, David Jordan, may wish to introduce evidence and/or argument concerning commendations and letters of recognition he may have received during his 18 years employed as a Malden police officer. Jordan may also attempt to offer other evidence of "good conduct" as well. Such evidence is irrelevant and inadmissable under the rules of evidence.

If defendant Jordan does seek to offer such testimony, Fed. R. Evid. 404 and 405 operate to: (a) restrict the scope of the witnesses' testimony on direct examination to reputation and opinion testimony regarding "pertinent" character traits; (b) allow the government to cross-examine the witnesses regarding their knowledge of relevant specific instances of defendants' past conduct; and (c) permit the government to call its own rebuttal witnesses.

1. <u>Defendants' Character Evidence Is Limited to Reputation and Opinion Testimony Regarding Pertinent Traits And May Not Include Any References to Specific Acts</u>

Rule 404(a) generally controls the admissibility of character evidence. In the first instance, "evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith." Rule 404(a). However, once it is determined that character evidence is admissible, the form and method of its proof are governed

by Rule 405.  Fed. R. Evid. 405, Advisory Committee Notes, 1972 Proposed Rules (Rule 404 deals with admissibility, whereas Rule 405 deals with allowable methods of proof).

Rule 404(a) allows an accused to introduce "[e]vidence of a pertinent trait of his character."  The word "pertinent" is read as synonymous with "relevant."  <u>United States v. Angelini</u>, 678 F.2d 380, 381 (1st Cir. 1982); <u>United States v. Staggs</u>, 553 F.2d 1073, 1075 (7th Cir. 1977).  The basic issue, therefore, is whether the character trait in question would make any fact of "consequence to the determination" of the case more or less probable than it would have been without evidence of that character trait.  Fed. R. Evid. 401; <u>Angelini</u>, 678 F.2d at 381.  Testimony regarding character traits that are not relevant to the offenses charged should not be allowed.

Under Rule 405, defendant's character witnesses must be restricted to testifying about their opinion of the relevant character traits or their knowledge of defendant's reputation in that regard.  They may not testify about specific instances of conduct.  Fed. R. Evid. 405; <u>Michelson v. United States</u>, 355 U.S. 469, 477 (1948); <u>State of Arizona v. Elmer</u>, 21 F.3d 331, 335 (9th Cir. 1994).

Under the foregoing principles, Jordan may not introduce evidence of his generally good character — e.g., that he is a "good " officer.  Nor can he put on evidence of specific acts of good conduct, such as instances where he made valid arrests or drug seizures.  In addition, the defendant may not offer evidence (either through government witnesses nor its own witnesses) about specific commendations he may have received or other notable achievements.  *See* <u>United States v. Boylan</u>, 898 F.2d 230, 255 (1st Cir. 1990)(excluding evidence of police commendations under Rule 405); <u>United States v. Nazzaro</u>, 889 F.2d 1158, 1168 (1st Cir. 1989)(evidence of

bravery, attention to duty and community spirit "hardly 'pertinent'" to mail fraud and perjury charges), citing United States v. Barry, 814 F.2d 1400, 1403 (9th Cir. 1987)("letters of commendation were hearsay").

Thus, Fed. R. Evid. 404 and 405 require that defendant's' character evidence be exclusively limited to reputation or opinion testimony about pertinent traits such as truthfulness.

2. The Government May Cross-Examine Defendant's Character Witnesses About Specific Instances of Conduct and Introduce Its Own Rebuttal Witnesses

Pursuant to Rule 405(a), the Government intends to cross-examine defendant's character witnesses to determine whether they have heard or know about specific instances of conduct indicating contrary tendencies. Additionally, under Rule 404(a)(1), the government may put on its own witnesses to rebut defendant's character evidence.

Michelson v. United States, 335 U.S. 469 (1948), the preeminent authority on issues regarding character testimony, includes the following discussion about the scope of cross-examination of character witnesses:

> The price a defendant must pay for attempting to prove his good name is to throw open the entire subject which the law kept closed for his benefit and to make himself vulnerable where the law otherwise shields him. The prosecution may pursue the inquiry with contradictory witnesses to show that damaging rumors, whether or not well-grounded, were afloat — for it is not the man that he is, but the name that he had which is put in issue. Another hazard is that his own witness is subject to cross-examination as to the contents and extent of the hearsay on which he bases his conclusions, and he may be required to disclose rumors and reports that are current even if they do not affect his own conclusion. It may test the sufficiency of his knowledge by asking what stories were circulating concerning events, such as one's arrest, about which people normally comment and speculate. Thus, while the law gives defendant the option to show as a fact that his reputation reflects a life and habit incompatible with commission of the offense charged, it subjects his proof to tests of credibility designed to prevent him from profiting by a mere parade of partisans.

Id. at 479.

Fed. R. Evid. 405(a) codified the rationale of Michelson, making clear that character

3

witnesses may be cross-examined about specific instances of misconduct that are relevant to the character traits in question.  The cross-examination of a character witness may even include inquiries which are not otherwise allowed.  For example, it is generally impermissible to introduce extrinsic evidence or cross-examine a defendant about whether he has been arrested for or committed past misdeeds unrelated to the charged offense.  Nonetheless, if a character witness testifies for a defendant, the cross-examination may include inquiry about the defendant's past crimes, wrongful acts, and arrests.  <u>Michelson</u>, 335 U.S. at 482; <u>United States v. Collins</u>, 779 F.2d 1520, 1532 (11th Cir. 1986); <u>United States v. Glass</u>, 709 F.2d 669, 673 (11th Cir. 1983); <u>United States v. Bynum</u>, 566 F.2d 914, 919 (5th Cir.  1980).

    WHEREFORE, the government moves the Court to exclude evidence and argument, and instruct defense counsel not to ask questions of witnesses, regarding any specific instances of "good" conduct as required by the aforementioned rules of evidence.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

Date: March 8, 2006    By: *S. Theodore Merritt*
    S. THEODORE MERRITT
    JOHN T. MCNEIL
    Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

      I, S. Theodore Merritt, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

                                             *S. Theodore Merritt*
                                             S. THEODORE MERRITT
                                             Assistant U.S. Attorney