UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DAVID JORDAN )<br>   and )<br>ANTHONY BUCCI, )<br>   Defendants. ) | CRIMINAL NO. 04-10194-RCL |

### THE DEFENDANT DAVID JORDAN'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF HAND GUNS SEIZED (WITH INCORPORATED MEMORANDUM)

Now comes the defendant, David Jordan ("Jordan"), and moves this Court to enter an order *in limine* excluding from evidence and prohibiting the government from mentioning or referencing the presence of two (2) non-police issue handguns seized from the automobile that Jordan was using during the charged conduct months after the incident in question. In support of this motion, the defendant states that said handguns are inadmissible pursuant to Fed.R.Evid. Rule 404(b) and Rule 403.

Federal Rule of Evidence 404(b) governs the admissibility of extrinsic evidence of "other crimes, wrongs or acts." The rule provides that such evidence is not admissible to prove the character of a person in order to show that he acted in conformity therewith. The procedure for admissibility is a two step process and the initial inquiry is whether the evidence has some "special" probative value that would show for example, a defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *United States v. Maldonado-Medina*, 761 F.2d 12, 15 (1985).

Here, the government has given notice that it intends to offer the two handguns seized in order to show opportunity, intent and absence of mistake, "among other things," with regard to the firearm charge as to Jordan.  At the time of the alleged incident on December 24, 2003, it is alleged that Jordan was carrying on his person a handgun and there is a question as to whether or not he brandished said gun during his confrontation with Carlos Ruiz.  The fact that there may have been two other guns in Jordan's automobile at a later time has absolutely no bearing or connection to the conduct he is charged with or with the case at hand.  The existence of the other guns does not show opportunity or the defendant's intent.  This evidence has minimal, if any, probative value and is nothing more than an attempt to show the defendant's "bad character or propensity to commit the crime charged."  *United States v. Varoudakas*, 233 F.3d 13, 118-127 (1st Cir. 2000).  This purpose is specifically prohibited by Rule 404(b).

The second step to admit evidence under Rule 404(b) involves a balancing process: the Court must balance the probative value of the evidence against possible prejudice. *United States v. Maldonado-Medina*, 761 F.2d 12, 15 (1985).  The government claims that the evidence is relevant because Jordan did not use his police–issued service weapon during the alleged crime; thus, the presence of the other guns in his undercover vehicle is evidence of his access to and possession of such weapons.  However, there is no proof at this point suggesting that Jordan utilized either of the guns seized months later.  The admission of other guns creates an improper inference the defendant had a predisposition to use a firearm unlawfully.  The evidence of other guns, having nothing to do with this case, would simply confuse the jury and cause unfair prejudice to the defendant. *United States v. Varoudakas*, 233 F.3d 13, 118-127 (1st Cir. 2000).

In sum, the danger of unfair prejudice to the defendant by the introduction of the guns that were seized far outweighs it's minimal probative worth and should be excluded from evidence.

### REQUEST FOR HEARING

The defendant, David Jordan, respectfully requests a hearing on this motion and estimates that the length of the hearing will not exceed one-half hour. The defendant further requests that the Court enter finding of fact and rulings of law with respect to its ruling.

Respectfully Submitted:
Defendant,
DAVID JORDAN,
By his attorney,

/s/ Thomas Drechsler
_____
Thomas Drechsler, Esq.
B.B.O. #134840
FINNERAN, BYRNE & DRECHSLER, L.L.P.
Eastern Harbor Office Park
50 Redfield Street
Boston, MA 02122
Tel. (617) 265-3900

DATED: March 8, 2006

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document has been served the above date, electronically, upon Assistant U.S.Attorney John T. McNeil.

/s/ Thomas Drechsler
_____
Thomas Drechsler