UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 04-10194-RCL |
| DAVID JORDAN ) | |
| and ) | |
| ANTHONY BUCCI, ) | |
| Defendants. ) | |

### THE DEFENDANT DAVID JORDAN'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND/OR REFERENCE TO INDIVIDUALS POSING AS POLICE OFFICERS (WITH INCORPORATED MEMORANDUM)

Now comes the defendant, David Jordan ("Jordan"), and moves this Court to enter an order *in limine* excluding from evidence and prohibiting the government from offering into evidence or referencing in any way the fact that other individuals may have posed as or imitated police officers in concert with the co-defendant Bucci or others. In support of this motion, the defendant states that said evidence is prejudicial, irrelevant and inadmissible pursuant to Fed.R.Evid. Rule 403.

The government has given notice that as to the defendant, Anthony Bucci, it intends to offer into evidence a series of drug related transactions involving Bucci, Carlos Ruiz and Jon Minotti. The discovery in this case has revealed from various sources that in connection with these activities individuals other than the defendant Jordan may have posed as police officers. There is no question that Mr. Jordan is a police officer for the City of Malden. However, there is not one shred of evidence, or even any allegation, that

Jordan was involved in any of the prior transactions that the government seeks to offer against Bucci.

At trial, it is anticipated that there will be testimony wherein these transactions will be described and reference will be made to unknown persons imitating police officers in conjunction with the prior acts of defendant Bucci or others. There is simply no connection between this defendant, David Jordan, and these alleged drug related activities. This type of evidence would only serve to prejudice the defendant Jordan. The prejudicial impact of referencing or mentioning other police officers far outweighs its probative value and should be excluded as to defendant Jordan. *United States v. Garcia-Rosa*, 876 F.2d 209, 220-222 (1st Cir. 1989). *See also Fed.R.Evid. Rule 403*.

In the alternative, the defendant requests a stipulation between the parties stipulating that any police officers or purported police officers mentioned as engaged in prior activities involving the defendant Bucci or others are not David Jordan.

## REQUEST FOR HEARING

The defendant, David Jordan, respectfully requests a hearing on this motion and estimates that the length of the hearing will not exceed one-half hour. The defendant further requests that the Court enter finding of fact and rulings of law with respect to its ruling.

          Respectfully Submitted:
          Defendant,
          DAVID JORDAN,
          By his attorney,

          /s/ Thomas Drechsler
          _____

          Thomas Drechsler, Esq.
          B.B.O. #134840
          FINNERAN, BYRNE & DRECHSLER, L.L.P.
          Eastern Harbor Office Park
          50 Redfield Street
          Boston, MA 02122
          Tel. (617) 265-3900

DATED: March 8, 2006

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing document has been served the above date, electronically, upon Assistant U.S.Attorney John T. McNeil.

          /s/ Thomas Drechsler

          _____
          Thomas Drechsler