UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 04-10194-RCL |
| DAVID JORDAN ) | |
| and ) | |
| ANTHONY BUCCI, ) | |
| Defendants. ) | |

**THE DEFENDANT DAVID JORDAN'S PROPOSED JURY INSTRUCTIONS**

Pursuant to the Court's Trial Order, the defendant David Jordan moves that this Court give the following instructions to the jury:[1]

**PRELIMINARY INSTRUCTIONS**

1.  Nature of The Indictment

This case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The defendant has been charged by the government with violation of federal law. The charges against the defendant are contained in the indictment which is simply a description of the charge. It is not evidence of anything. The defendant has pleaded not guilty to the charges and denies committing the offenses. He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

The defendants in this case, Anthony Bucci and David Jordan are being tried

---

[1] The defendant reserves the right to supplement and/or revise these instructions prior to the Court's charge of the jury.

together. However, you must give separate consideration to the case against each defendant. Each is entitled to your separate consideration. Do not think of the defendants as a group. *See Federal Judicial Center Instruction 1*.

2. <u>Evidence</u>

Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated—that is, formally agreed to by the parties. There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. Certain things are not evidence:

   (1) The statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

   (2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

   (3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

   (4) Anything you see or hear about this case outside the courtroom is not evidence.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used. *See Federal Judicial Center Instruction 1*.

3. <u>Credibility of Witnesses</u>

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

4. <u>The Use of Tapes and Transcripts</u>

At this time you are going hear conversations that were recorded. This is proper evidence for you to consider. In order to help you, I am going to allow you to have a transcript to read along as the tape is played. The transcript is merely to help you understand what is said on the tape. If you believe at any point that the transcript says something different from what you hear on the tape, remember it is the tape that is the evidence, not the transcript. Any time there is a variation between the tape and the transcript, you must be guided solely by what you hear on the tape and not by what you see in the transcript. *United States* v. *Mazza*, 792 F.2d 1210, 1227 (1st Cir. 1986).

**INSTRUCTIONS**

5. <u>Evidence; Inferences</u>

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called

the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the David Jordan accept the truth of a particular proposition or fact. You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

6.    Presumption of Innocence; Proof Beyond a Reasonable Doubt

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance. The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, David Jordan, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge

beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Jordan is guilty of the crime with which he is charged beyond a reasonable doubt. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Jordan has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge. Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions—one that a defendant is guilty as charged, the other that the defendant is not guilty— you will find the defendant not guilty.

It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against a defendant, you will

return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense. *United States v. Cleveland*, 106 F.3d 1056, 1062-63 (1st Cir. 1997), *aff'd sub nom. Muscarello v. United States*, 524 U.S. 125 (1998).

7.  David Jordan's Constitutional Right Not to Testify

Jordan has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that he did not testify. For any of you to draw such an inference would be wrong. It cannot be considered in arriving at a verdict. *Carter v. Kentucky*, 450 U.S. 288, 299-303 (1981); *see also United States v. Ladd*, 877 F.2d 1083, 1089 (1st Cir. 1989).

8.  Cooperating Witnesses

You have heard the testimony of two witnesses, Jon Minotti and Francis Muolo, who provided evidence under agreements with the government; and, participated in the crime charged against the defendant. You should take special care in assessing their testimony. Such testimony must be received with greater care and caution than the testimony of an ordinary witness. Some people in this position may be entirely truthful when testifying. But, you should consider the testimony of these individuals with more caution and scrutiny than the testimony of other individuals. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves. It is improper to find any defendant guilty upon the unsupported testimony of such a witness unless you believe the testimony beyond a reasonable doubt. *United States v. Hernandez*, 109 F.3d 13, 15 (1997).

In this case, Minotti and Muolo have pled guilty to charges which arise out of the same events for which Jordan is on trial here. You must not consider that guilty plea as any evidence of Jordan's guilt. You may consider Minotti and Muolo's guilty pleas only for the purposes of determining how much, if at all, to rely on their testimony. *United States v. Gonzalez-Gonzalez*, 136 F.3d 6 (1998); *United States v. Paniagua-Ramos,* 251 F.3d 242, 245 (1st Cir. 2001); *United States v. Hernandez*, 109 F.3d 13, 17 (1st Cir. 1997); *United States v. Brown*, 938 F.2d 1482, 1486 (1st Cir. 1991); *United States v. Hickey*, 596 F.2d 1082, 1091 n.6 (1st Cir. 1979).

9.     Testimony of an Expert Witness

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion. You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

10.     Multiple Defendants

As you know there are two defendants on trial, Anthony Bucci and David Jordan. It is important that you give separate consideration to the evidence against and in behalf of each individual defendant. I also remind you that you must consider separately each crime charged against each individual defendant.

11.     21 U.S.C. § 846 - Conspiracy

In Count 1, Bucci and Jordan are accused of conspiring to commit a crime, more

specifically, to distribute, and possess with intent to distribute, cocaine. For you to find Jordan guilty of conspiracy, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

>  <u>First</u>, that the agreement specified in the indictment, and not some other agreement or agreements, existed between the defendants to posses with intent to distribute or to distribute cocaine; and,

> <u>Second</u>, that Jordan willfully joined in that agreement.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But, the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before Jordan can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that Jordan willfully joined in the agreement must be based upon evidence of his own words and/or actions. The government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if Jordan was

not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator. *United States v. Rivera-Santiago*, 872 F.2d 1073, 1078-80 (1st Cir. 1989); *see also United States v. Piper*, 35 F.3d 611, 614-15 (1st Cir. 1994); *United States v. Richardson*, 225 F.3d 46, 53 (1st Cir. 2000); *United States v. Monteiro*, 871 F.2d 204, 208-09 (1st Cir. 1989).

12. <u>21 U.S.C. § 841 (a) (1) (Possession with Intent to Distribute) and 18 U.S.C. § 2 (Aiding and Abetting)</u>

In Count 2, Bucci and Jordan are accused of possessing cocaine, on or about December 24, 2003, with the intent to distribute it to someone else, and aiding and abetting each other to do the same. For you to find Jordan guilty of this crime you must be convinced that the government has proven each of these elements beyond a reasonable doubt:

<u>First</u>, that on that date Jordan possessed cocaine, either actually or constructively;

<u>Second</u>, that he did so with a specific intent to distribute the cocaine over which he had actual or constructive possession; and,

<u>Third</u>, that he did so knowingly and intentionally.

It is not necessary for you to be convinced that Jordan actually delivered the cocaine to someone else, or that he made any money out of the transaction. It is enough for the government to prove, beyond a reasonable doubt, that he had in his possession what he knew was cocaine and that he intended to transfer it or some of it to someone else. The term "possess" means to exercise authority, dominion or control over something. "Possession" includes both actual and constructive possession. A person

9

who has direct physical control of something on or around his or her person is then in actual possession of it.  A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it.  Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.  *United States v. Latham*, 874 F.2d 852, 863 (1st Cir. 1989); *see also United States v. Akinola*, 985 F.2d 1105, 1109 (1st Cir. 1993).

To "aid and abet" means intentionally to help someone else commit a crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt:

> First, that someone else committed the charged crime; and,
>
> Second, that Jordan consciously shared the other person's knowledge of the underlying criminal act, intended to help him, and willfully took part in the endeavor, seeking to make it succeed.

A general suspicion that an unlawful act may occur or that something criminal is happening is not enough.  Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

An act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids be done—that is to say with bad purpose, either to disobey or disregard the law.  *United States v. Spinney*, 65 F.3d 231, 234-35 (1st Cir. 1995); *United States v. Loder*, 23 F.3d 586, 590-91 (1st Cir. 1994).

13.    <u>18 U.S.C. § 924 (c) (1)(A) and 2 - Using or Carrying a Firearm During and in Relation to the Drug Trafficking Crimes Charged in Counts 1 an 2 of Violence</u>

Jordan is accused of using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, the crimes charged in Counts 1 and 2.  For you to find Jordan guilty of this crime, you must be satisfied that the government has proven each of the following things:

10

> First, that Jordan committed the crime of conspiring to possess cocaine with the intent to distribute it as described in Count 1 of the Indictment; or that he committed the crime of possession of cocaine with intent to distribute it on December 24, 2003, or aiding and abetting that offense, as described in Count 2 of the Indictment; and
>
> Second, that Jordan knowingly used or carried a firearm during and in relation to the commission of the crimes charged in Count 1 or Count 2, or possessed a firearm in furtherance of the commission of the crimes charged in Counts 1 and 2.

The word "knowingly" means that an act was done voluntarily and intentionally, not because of mistake or accident. To "carry" a firearm during and in relation to a crime means to move or transport the firearm on one's person or in a vehicle or container during and in relation to the crime. The firearm must have played a role in the crime or must have been intended by the defendant to play a role in the crime.

Possession alone without proof of a relationship to the underlying crime is insufficient. A defendant's possession of a firearm is "in furtherance of" a crime if the firearm possession made the commission of the underlying crime easier, safer or faster, or in any other way helped the defendant commit the crime. There must be some connection between the firearm and the underlying crime, but the firearm need not have been actively used during the crime. *United States v. Tracy*, 36 F.3d 187, 194-95 (1st Cir. 1994); *United States v. Valle*, 72 F.3d 210, 217 (1st Cir. 1995); and, *United States v. Plummer*, 964 F.2d 1251, 1254-55 (1st Cir. 1992).

14.    18 U.S.C. § 1512(b)(3)-Attempted Witness Tampering

In Count 4, Jordan is charged with attempted witness tampering. For you to find Jordan guilty of this crime you must be convinced that the government has proven each of these elements beyond a reasonable doubt:

> First, that Jordan knowingly used intimidation or knowingly corruptly persuaded another person, or attempted to so; and,

11

>   <u>Second</u>, that Jordan acted with the intent to hinder, delay or prevent the communication to federal law enforcement officers of information related to the commission of a possible federal offense.

The government must prove both conduct and intent; that the defendant (1) knowingly used intimidation or physical force, or threatened or attempted to do so, (2) with the intent to cause or induce a person to withhold testimony or other evidence from an official proceeding.  *See United States v. Johnson*, 968 F.2d 208, 211 (2d Cir. 1992).

15.     <u>18 U.S.C. § 1001 – (Making a False Statement to a Federal Agency)</u>

In Counts 6 -8, Jordan is charged with making a false statements in a matter within the jurisdiction of a the Drug Enforcement Administration.  For you to find Jordan guilty of this crime you must be convinced that the government has proven each of these elements beyond a reasonable doubt:

>   <u>First</u>, that Jordan knowingly made a material false statement;
>
>   <u>Second</u>, that Jordan made the statement voluntarily and intentionally; and,
>
>   <u>Third</u>, that Jordan made the statement in a matter within the jurisdiction of the Drug Enforcement Administration.

A statement is "false" if it was untrue when made.  A false statement is made "knowingly" if the defendant knew that it was false or demonstrated a reckless disregard for the truth with a conscious purpose to avoid learning the truth.  A statement is "material" if it has a natural tendency to influence or to be capable of influencing the decision of the decision maker to which it was addressed, regardless of whether the agency actually relied upon it." *United States v. Duclos*, 214 F.3d 27, 33 (1st Cir. 2000).

        Respectfully Submitted:
        Defendant,
        DAVID JORDAN,
        By his attorney,

        /s/ Thomas Drechsler
        _____

        Thomas Drechsler, Esq.
        B.B.O. #134840
        FINNERAN, BYRNE & DRECHSLER, L.L.P.
        Eastern Harbor Office Park
        50 Redfield Street
        Boston, MA 02122
        Tel. (617) 265-3900

DATED: March 8, 2006

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing document has been served the above date, electronically, upon Assistant U.S.Attorney John T. McNeil.

        /s/ Thomas Drechsler

        _____
        Thomas Drechsler