UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 04-10194-RCL |
| DAVID JORDAN ) | |
| and ) | |
| ANTHONY BUCCI, ) | |
| Defendants. ) | |

**DEFENDANT DAVID JORDAN'S MEMORANDUM IN SUPPORT OF THE
OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE*
RE: CHARACTER EVIDENCE AND
FURTHER REQUEST FOR EXCULPATORY EVIDENCE**

The Government has filed a *motion in limine* seeking to preclude the defendant from introducing evidence and/or argument concerning any commendations or other recognition of good conduct he may have received during his employment as a police officer for the City of Malden. The Government argues that such evidence is irrelevant and inadmissible under the rules of evidence.

Federal Rule of Evidence 404 governs the use of character evidence. Generally, evidence of a person's character or trait of his character is not admissible to prove that he acted in conformity therewith on a particular occasion. One exception to the rule, however, is that, in a criminal case, an accused may introduce evidence of his own good character in order to suggest the inference that someone with good character would not have committed the crime with which he is charged. *Fed.R.Evid. Rule 404(a)(1)*; *See Government of the Virgin Islands v. Grant*, 775 F.2d. 508 (3rd Cir. 1985); *United States v. Hewitt*, 634 F.2d 277 (5th Cir. 1981). Rule 404(a) specifically provides that an accused may introduce "evidence of a pertinent trait of his character." The word "pertinent" in

this context has been read to mean "relevant." *United States v. Staggs*, 553 F.2d 1073, 1075 (7th Cir. 1977). Therefore, the question becomes whether the character trait in question would make any fact "of consequence to the determination" of the case more or less probable than it would be without evidence of the trait. *Fed.R.Evid. 401; United States v. Angelini*, 678 F.2d. 380 (1st Cir. 1982).

In applying these principles to the present case, Jordan should not be precluded from introducing evidence concerning not only his character for truth and veracity, but also as to his good conduct as a police officer. These traits are particularly relevant in Jordan's case because he has been charged with making false and fictitious statements and representations to an agent of the Drug Enforcement Administration. *See United States v. Hewitt*, 634 F.2d 277 (5th Cir. 1981). Testimony that Jordan is known as a truthful person would tend to make it less likely that he would knowingly provide false information to a government agent. *United States v. Angelini*, 678 F.2d. 380 (1st Cir. 1982). Therefore, such evidence is relevant and admissible under Rule 404(a).

In cases where character evidence is admissible, the methods by which it may be introduced are prescribed in Fed.R.Evid. Rule 405. Pursuant to that rule, proof of character traits is limited to testimony as to reputation or testimony in the form of opinion. *Fed.R.Evid. Rule 405(a); United States v. Hewitt*, 634 F.2d 277 (5th Cir. 1981). However, section (b) of Rule 405 specifically provides the following:

> (b) Specific instances of conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim or defense, proof may also be made of specific instances of conduct. *Fed.R.Evid. Rule 405(b).*

In the case at hand, Jordan is charged with making false statements to a government agent. In order to prevail the Government must prove that Jordan knowingly made a

material false statement and that he made the statement voluntarily and intentionally. A false statement is made "knowingly" if the defendant knew that it was false or demonstrated a reckless disregard for the truth with a conscious purpose to avoid learning the truth. *United States v. Duclos*, 214 F.3d 27, 33 (1st Cir. 2000). Clearly, Jordan's character is an essential element of the crime charged. Contrary to the Government's contention that the defendant's character witnesses may not testify to specific instances of conduct, the circumstances of this case falls within the scope of Rule 405(b). Jordan should not be precluded from introducing evidence of his good conduct as a police officer and allowed to present instances where he made valid arrests and drug seizures. *Government of the Virgin Islands v. Grant*, 775 F.2d. 508 (3rd Cir. 1985); *United States v. Barry*, 814 F.2d 1400 (9th Cir. 1987).

For example, one particular instance involved Jordan's assistance in an investigation involving one, Kevin McCormack (*U.S. v. McCormack*, Criminal No. 97-101-68-NG. *See Memorandum dated August 10, 1998 of Gertner, J. with attached Affidavit of Assistant U.S. Attorney Brien T. O'Connor.*) At the time, Jordan was in the process of investigating McCormack. In connection therewith McCormack actually tendered to Jordan a cash payment. Jordan not only reported the incident to the authorities, but was instrumental in assisting the F.B.I. by wearing a recording device and questioning McCormack about the purpose of the cash payment. The particulars of this incident not only demonstrate Jordan's truthful character, but is an example of his integrity as a police officer. During the pendency of the present case, Jordan has requested all documents and records pertaining to the McCormack case and the

government has failed to provide any information despite the fact that it was in their possession. Said materials are exculpatory and should have been produced in discovery.

Finally, once a witness has testified concerning a defendant's good character, it is permissible during cross-examination to attempt to undermine the witness's credibility by asking that witness whether he has heard of prior misconduct on the part of the defendant inconsistent with the direct testimony. However, the prosecutor asking questions must have a good faith factual basis for the incidents inquired about and the incidents inquired about must be relevant to the character traits involved at trial. *United States v. Hewitt*, 663 F.2d 1381, 1390-91 (11th Cir. 1981); *United States v. Glass*, 709 F.2d 669 (11th Cir. 1983).

In sum, the defendant, David Jordan, should not be precluded from introducing evidence and/or argument relative to his good character and his work as a Malden Police Officer. Furthermore, Jordan hereby requests that the Government provide any and all documents received pertinent to the Kevin McCormack case and involving David Jordan.

>Respectfully Submitted:
>Defendant,
>DAVID JORDAN,
>By his attorney,
>
>/s/ Thomas Drechsler
>_____
>Thomas Drechsler, Esq.
>B.B.O. #134840
>FINNERAN, BYRNE & DRECHSLER, L.L.P.
>Eastern Harbor Office Park
>50 Redfield Street
>Boston, MA 02122
>Tel. (617) 265-3900

DATED: March 13, 2006

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the foregoing document has been served the above date, electronically through the ECF system, upon Assistant U.S. Attorney John T. McNeil, and to all registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

      /s/ Thomas Drechsler
      _____
      Thomas Drechsler