UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10194-RCL |
| ) | |
| DAVID JORDAN ) | |
|     and ) | |
| ANTHONY BUCCI, ) | |
|         Defendants ) | |

**GOVERNMENT'S REPLY MEMORANDUM TO DEFENDANT JORDAN'S
OPPOSITION TO MOTION IN LIMINE ON CHARACTER EVIDENCE**

The government files this brief reply to Defendant David Jordan's ("Jordan") memorandum concerning character evidence in which he states his intention to introduce specific instances of so-called "good conduct" as a police officer, such as when he made valid arrests and drug seizures and once reported an alleged bribe and assisted a federal investigation.

While the government agrees that the rules of evidence permit Jordan to introduce evidence of his general law-abiding character and truthfulness,[1] Fed. R. Evid. 405(a) and case law clearly restrict the form of such evidence to opinion or reputation testimony. See Michelson v. United States, 355 U.S. 469, 477 (1948); United States v. Boylan, 898 F.2d 230, 255 (1st Cir. 1990)(excluding evidence of police commendations under Rule 405).

To avoid the application of this black-letter law principle, Jordan relies on Fed. R. Evid. 405(b) which provides:

> Specific instances of conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim or defense, proof may also be made of specific instances of conduct.

---

[1] Because Jordan is charged with making false statements in violation of 18 U.S.C. §1001, character evidence for truthfulness is permitted regardless if he testifies as a witness. See United States v. Hewitt, 634 F.2d 277, 279 (5th Cir. 1981).

His reliance is sorely misplaced, as the cases cited in his memorandum make clear. For example, in Government of Virgin Islands v. Grant, 775 F.2d 508 (3rd Cir. 1985), the defendant had sought to introduce his lack of prior arrests as evidence of his good character . The Third Circuit upheld the trial judge's exclusion of such evidence under the proper application of Rule 405(a), which governs "where character is used circumstantially to prove another fact (here, the ultimate fact of innocence). Id. at 511. The Court noted the distinction in Rule 405(b), permitting specific acts when character is an essential element of a claim, charge or defense. "One illustration would be a defamation case where the plaintiff's claimed that the defendant's defamatory statements harmed his reputation for good character. In such cases, character is said to be 'in issue.'" Id. at 511, n.4.[2] *See also* United States v. Beverly, 913 F.2d 337, 353 n. 22 (7th Cir, 1990)(witness's proffered testimony that he never saw defendant buy or sell cocaine not admissible under Rule 405(b) because specific instances cannot be offered to prove character unless character is essential element of charge, claim or defense.).

Jordan's argument that his knowledge and intent are elements of his charged crimes does not mean that Rule 405(b) permits him to introduce specific instances of good conduct. For example, in United States v. Camejo, 929 F.2d 610 (11th Cir. 1991), a defendant charged with participating in a specific cocaine distribution conspiracy sought to introduce evidence from a friend , who was a drug dealer, that the defendant refused to involve himself with his narcotics business. The court rejected the defendant's argument that "one of the essential elements of the offense charged was his *mens rea* during the time he was alleged to have joined the conspiracy." Id. at 613. The court held

---

[2]The Third Circuit noted that the commentators have said that in cases where character is an ultimate issue, the costs in permitting evidence of specific instances in terms of time, risk of jury confusion and prejudice to a party are thought to be outweighed by the benefits. Id. at 511.

that "[e]vidence of good conduct is not admissible to negate criminal intent," and this proffered testimony was "merely an attempt to portray the defendant as a good character through the use of prior 'good acts,'[ which was] inadmissible character evidence." Id.

As for Jordan's proffer that several years ago he once reported an alleged bribe to the FBI and cooperated in an investigation, as shown above, such evidence would be clearly inadmissable under Rule 405. See United States v. McGuiness, 764 F. Supp. 888, 896 (S.D.N.Y. 1991)(defendant charged with bribery not permitted to introduce evidence of refusal of bribes on prior occasions to prove character). Moreover, the government is under no Brady obligation to produce any documents related to Jordan's prior involvement in that case eight years ago because not only is such evidence inadmissable, the facts of his prior cooperation are already known to him. Id.

Thus, the Court should not permit the defendant to introduce evidence, by testimony or cross-examination, of any specific instances of so-called "good conduct" as a police officer.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                  United States Attorney

Date: March 14, 2006                    By: /s/ S. Theodore Merritt
                                  S. THEODORE MERRITT
                                  JOHN T. MCNEIL
                                  Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I, S. Theodore Merritt, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

                                  /s/ S. Theodore Merritt
                                  S. THEODORE MERRITT
                                  Assistant U.S. Attorney