UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 04-10194-RCL |
| DAVID JORDAN ) | |
| and ) | |
| ANTHONY BUCCI, ) | |
| Defendants. ) | |

**DEFENDANT DAVID JORDAN'S OBJECTIONS TO THE
GOVERNMENT'S PROPOSED EXHIBITS CONTAINING
REDACTIONS AND COMMENTS**

Pursuant to a pre-trial order, the Government has provided the defendants with proposed exhibits that they intend to introduce at the time of trial. A number of the exhibits consist of taped conversations with accompanying transcripts (*See Exhibits 1A through 10B, 14A through 16B and 22A and B*). The defendant, David Jordan ("Jordan"), objects to those particular tapes and transcripts that contain redactions and editorial comments. More specifically, without waiving any other objections as to admissibility, Jordan objects to Proposed Exhibits #'s 6A, 6B, 14A, 14B, 15A, 15B, 16A, 16B, 22A and 22B.

Jordan's objection is based on the fact that the Government has arbitrarily selected which portions of the tapes to include and which to eliminate. A reading of the redacted portions reveals that conversations become significantly fragmented and that matters may be taken out of context. More importantly, certain sections are favorable to the defense and their omission results in unfairness to the defendant. Although Jordan does not object to eliminating the sections that contain no information or conversation,

i.e., the tape running while a car is driving to a destination, he does argue that the portions containing actual conversation should be submitted in their entirety.

Under the doctrine of completeness, which is found in Fed.R.Evid. Rule 106, Jordan contends that he is entitled to have the entire taped conversation put before the jury. The rule permits "a party against whom a fragmentary statement is introduced [to] demand that the rest of the statement (or so much thereof that is appropriate) be admitted into evidence in order to place the excerpt in context." *See United States v. Millan,* 230 F.3d. 431 (2000) (citations omitted). The doctrine ensures fairness "where a misunderstanding or distortion created by the other party can only be averted by the introduction of the full text of the out-of-court statement." *Millan,* 230 F.3d. at 434.

Additionally, Jordan also objects to the editorial comments included within the transcripts and requests that these be redacted. The transcripts include parenthetical information describing what the subject person was doing, such as, "laughs," "sighs," "catches breath," "gets in car," "rustling of clothing," "to himself," etc. This is nothing more than the transcriber's assumption of what may have happened, since he or she has no personal knowledge of the event. This type of information invades the province of the jury.

Therefore, the defendant objects to the Government's proposed exhibits containing deletions and editorial comments (#'s 6A, 6B, 14A, 14B, 15A, 15B, 16A, 16B, 22A and 22B). Jordan respectfully requests that the taped conversations be marked in their entirety and that any inappropriate comments be redacted.

        Respectfully Submitted:

        Defendant,
        DAVID JORDAN,
        By his attorney,

        /s/ Thomas Drechsler
        _____

        Thomas Drechsler, Esq.
        B.B.O. #134840
        FINNERAN, BYRNE & DRECHSLER, L.L.P.
        Eastern Harbor Office Park
        50 Redfield Street
        Boston, MA 02122
        Tel. (617) 265-3900

DATED: March 15, 2006


## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the foregoing document has been served the above date, electronically through the ECF system, upon Assistant U.S. Attorney John T. McNeil, and to all registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

        /s/ Thomas Drechsler
        _____
        Thomas Drechsler