UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>DAVID JORDAN         )<br>   and            )<br>ANTHONY BUCCI,       )<br>      Defendants    ) | CRIMINAL NO. 04-10194-RCL |

**GOVERNMENT'S OPPOSITION TO DEFENDANT JORDAN'S
OBJECTIONS TO THE GOVERNMENT'S PROPOSED
EXHIBITS CONTAINING REDACTIONS AND COMMENTS**

The United States of America by and through Assistant United States Attorneys John T. McNeil and S. Theodore Merritt, respectfully file this opposition to Defendant Jordan's Objections to the Government's Proposed Exhibits Containing Redactions and Comments. [Doc.No. 232].

As required by the Pretrial Order, the government provided the defendants with an exhibit list and copies of its exhibits by letter dated March 13, 2006. Among the exhibits provided by the government are recordings of: telephone conversations between co-conspirator Jon Minotti and Carlos Ruiz, the target of the robbery, regarding the set-up for the robbery and the immediate aftermath of the robbery; telephone conversations between Defendant Jordan and DEA Agent Jean Drouin in which Defendant Jordan provides false information about the robbery to Agent Drouin; and a body wire recording of a conversation between Jon Minotti and Defendant Jordan after Mr. Minotti was cooperating and just before Defendant Jordan's arrest. One of the Minotti/Ruiz telephone recordings has been excerpted, and the telephone calls between Defendant Jordan and Agent Drouin have been excerpted. The admissibility of each of these recordings is set forth in the government's Trial Memorandum. [Doc.No. 199].

Defendant Jordan argues that the government's selection of portions of the tape recordings is arbitrary and that "certain sections are favorable to the defense and their omission results in unfairness to the defendant." Motion at 1.[1]  Jordan seeks to have the recordings admitted in their entirety.

There is little question that the government is at liberty to offer some or all of the defendant's prior statements into evidence pursuant to Fed.R.Evid. 801(d)(2).  The defendant's statements are admissions of a party-opponent and are admissible when offered by the government as non-hearsay statements.  *See e.g.* United States. v. Otero-Mendez, 273 F.3d 46, 54 (1st Cir. 2001) (prior statements are admissible as party admissions); United States v. Marin, 669 F.2d 73, 84 (2nd Cir. 1982)(allowing the government to offer post-arrest statements of defendant either as admission of opposing party or as a patently false statement revealing consciousness of guilt).

It is equally clear that the defendant may not offer into evidence his own out of court statements, unless his statements fall within one of the exceptions to the hearsay rule.  See Fed.R.Evid. 801-804.  Self-serving exculpatory statements made by a defendant are just the type of unreliable hearsay that the rules of evidence forbid.   See e.g. United States v. Jackson,180 F.3d 55, 73 (2nd Cir.1999)(allowing admissions offered by the government but prohibiting the defendant from offering related self-serving hearsay); United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988)(per curiam)(robbery defendant may not cross-examine FBI agent in order to elicit fact that defendant made post-arrest statement denying committing the robbery); United

---

[1] Defendant Jordan also generally objects to those portions of the transcripts which identify a sound or a pause in the tape.  The government has agreed that it will remove any such references if they are identified by Defendant Jordan.

States v. Marin, 669 F.2d at 84 (defendant precluded from offering prior statements to DEA agents because they were classic hearsay; court also rejected defendant's claim that statements were being offered by the defendant not for truth of matter asserted).

Jordan appears to argue that if any portion of a tape is admitted, the whole tape must be admitted.  Under Jordan's concept, he would be permitted to offer any type of unreliable self-serving hearsay without those statements being subject to cross-examination simply because they occurred in the same conversation with the statements being offered by the government.  This is plainly wrong.  The defendant can only offer other portions of the recordings under the rule of completeness.  See Fed.R.Evid. 106; United States v. Houlihan, 92 F.3d 1271, 1283-1284 (1st Cir. 1996); United States v. Marin, 669 F.2d at 84-85.

The general rule with respect to completeness is that the defendant is allowed to offer into evidence his statements which had not been offered by the government only if these additional statements are necessary to, "explain the admitted portion, to place the admitted portion into context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." United States v. Jackson, 180 F.3d 55, 73 (2nd Cir.1999)(quotes and citations omitted) (admitting a portion of a tape on direct and denying the admission of other portions when offered by the defendant).   See also United States v. Castro,813 F.2d 571, 575 - 576 (2nd Cir. 1987)(test for completeness under Fed.R.Evid. 106); United States v. Branch, 91 F.3d 699, 728 (5th Cir 1996)(only admit those portions "necessary to qualify, explain, or to place into context the portion already introduced").

"The completeness doctrine does not, however, require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." United States v.

3

Jackson, 180 F.3d at 73 citing Marin. See also Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 171-172 (1988)(other portions of documents are admissible if "misunderstanding or distortion can be averted only through presentation of another portion").  Courts have routinely concluded that the rule of completeness does not make self-serving hearsay statements admissible unless the additional statements are required to understand the statements offered into evidence by the government.  See United States v. Collicott, 92 F.3d 973, 983 (9th Cir. 1996)(Rule 106 does not compel the admission of inadmissible hearsay); United States v. Burreson, 643 F.2d 1344, 1349 (9th Cir.1981) (court did not abuse its discretion in excluding evidence under Rule 106 because the evidence was irrelevant and inadmissible hearsay); United States v. Wilkerson, 84 F.3d 692, 696 (4th Cir.1996) ("[t]he rules do not, however, provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party"); United States v. Jackson, 180 F.3d at 73 (excluding self-serving hearsay offered by the defendant); United States v. Lutz, 153 F.3d 723, 1998 WL 486345, **4 (unpub. 4th Cir.1998)(excluding self-serving statements which went beyond clarifying testimony offered by the government); United States v. Bourgeois, 110 F.3d 70, 1997 WL 129305, **7 (unpub. 9th Cir. 1997)(Rule 106 does not protect internal hearsay within a document).

     Finally, the defendant bears the burden of identifying which additional specific portions of the tapes must be admitted for the jury to fairly understand the portions offered by the government.  See e.g.  United States v. King, 351 F.3d 859, 866 (8th Cir. 2003)("the party urging admission of an excluded conversation must specify the portion of the testimony that is relevant to the issue at trial and that qualifies or explains portions already admitted")(citations and quotations omitted); United States v. Sweiss, 814 F.2d 1208, 1212 (7th Cir.1987)(threshold

criteria for admitting evidence under Rule 106 requires defendant to identify those portions which he is seeking to include); United States v. Littwin, 338 F.2d 141, 146 (6th Cir.1964). In the absence of the defendant's specific identification of which additional portions of the tapes should be admitted, this Court should summarily overrule the objection.

For the foregoing reasons, the government respectfully requests that the Court overrule Defendant Jordan's objection to the government's recorded exhibits.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

March 16, 2006                    BY:    /s/John T. McNeil
                                         JOHN T. McNEIL
                                         S. THEODORE MERRITT
                                         Assistant U.S. Attorneys

### CERTIFICATE OF SERVICE

I, John T. McNeil, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

/s/ John T. McNeil
JOHN T. McNEIL
Assistant U.S. Attorney