UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10194-RCL |
| | ) | |
| DAVID JORDAN | ) | |
| and | ) | |
| ANTHONY BUCCI, | ) | |
| Defendants | ) | |

GOVERNMENT'S TRIAL MEMORANDUM REGARDING
ADMISSION OF SUMMARY CHARTS

The United States submits this memorandum in support of the admission of Exhibits 28 and 29, which are summary charts of telephone contacts among the defendants, conspirators, and associates during the relevant dates of December 23-26, 2003.

Ex. 28 is a summary of the number of telephone contacts between phones identified as Jordan phones, Minotti phones, Bucci phones, Muolo phones and Raftery phones.  Ex. 29 is a chronological summary of selected telephone contacts between these phones showing the date, time and duration.   The government intends to introduce these charts through the testimony SA Mark Tully who supervised the preparation of the charts.

The underlying data for the summary charts are derived first from (1) subpoenaed telephone records of the numbers listed on Ex. 29; and (2) the attached stipulation, in which subscriber information for all the listed numbers is included , with the exception of (781) 244-3530, (781) 244-3531, and (781) 475-0062.  As for the last three telephone numbers, none of the listed subscriber information comes back to any person associated with the case.  Instead, the association of  these numbers to identified users Anthony Bucci and Jon Minotti has been established by the testimony of Minotti and the already admitted exhibits from the Ruiz wire.

Relying on all of these underlying sources of evidence, SA Tully will introduce and testify about the summary charts.

The Rules of Evidence contemplate and permit the introduction of just such summary exhibits.  Fed. R. Evid. 1006 provides that :

> The contents of voluminous writings, recordings, or photographs which cannot be conveniently examined in court may be presented in the from of a chart, summary or calculation.  The originals, or duplicates, shall be made available for examination or copying or both, by other parties at reasonable timer and place.  The court may order that hey be produced in court.

Under this rule, the summary itself is admitted as evidence and does not need to be based upon evidence independently admitted in the record so long as the other side has had notice and an opportunity to examine the underlying data.  *See Air Safety, Inc. v. Roman Catholic Archbishop of Boston*, 94 F.3d 1, 7  n. 14 (1st Cir. 1996)(clearing up previous First Circuit misstatement of law).   Here, the defendants have been provided with all of the telephone records in the possession of the government and were notified before trial that a summary chart was anticipated.

Where a summary chart also contains information which is also based on testimony or other evidence in the record,  the courts have also admitted such charts.  *See e.g., United States v. Bray*, 139 F.3d 1004 (6th Cir. 1998); *United States v. Taylor*, 210 F.3d 311 (5th Cir. 2000); *United States v. Petty*, 132 F.3d 373 (7th Cir. 1997).   In *Bray*, the court noted the distinction between (1) summary charts admitted under  Fed. R. Evid. 1006, which do not require the underlying data to be in evidence, and (2) those offered as pedagogical devices under Fed. R. Evid. 611(a), which often summarize evidence and are used only as an aid to the jury's understanding of the evidence.   139 F.3d at 1112.   The *Bray* court recognized the kind of hybrid chart proffered here,

and called it a "secondary-evidence" chart. The court said that such secondary-evidence charts are summaries

> that are a combination of (1) and (2), in that they are not prepared entirely in compliance with Rule 1006 and yet are more than mere pedagogical devices designed to simplify and clarify other evidence in the case. These secondary-evidence summaries are admitted in evidence not in lieu of the evidence they summarize but *in addition thereto,* because in the judgment of the trial court such summaries so accurately and reliably summarize complex or difficult evidence that is received in the case as to materially assist the jurors in better understanding the evidence. In the *unusual* instance in which this third form of secondary evidence summary is admitted, the jury should be instructed that the summary is not independent evidence of its subject matter, and is only as valid and reliable as the underlying evidence it summarizes.

*Id*. at 1112.

*See also Taylor*, 210 F.3d at 315 ("Although the plain language of Rule 1006 does not apply to summaries of testimonial evidence, we have permitted such use in a conspiracy cases to aid the jury '[i]n putting the myriad of complex and intricate pieces of testimonial ad documentary evidence comprising the puzzle together. . . '").

Here, the vast majority of the data contained in Exs. 28 and 29 are derived from telephone records and stipulated subscriber information, and would be thus admissible under Rule 1006. The inclusion of testimonial and other documentary evidence to establish the identity of the users of the three telephone numbers in question should be permitted by the Court to enable the charts produced by SA Tully to provide a useful and meaningful summary to the jury of the telephone contact evidence. Under these authorities, and with a proper limiting

instruction to the jury, the Court should permit the introduction into evidence of Exs. 28 and 29.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

Date: March 31, 2006                By: /s/ S. Theodore Merritt
                                        JOHN T. MCNEIL
                                        S. THEODORE MERRITT
                                        Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

     I, S. Theodore Merritt, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

                                        /s/ S. Theodore Merritt
                                        S. THEODORE MERRITT
                                        Assistant U.S. Attorney