## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **CRIMINAL NO. 04-10194-RCL** |
| DAVID JORDAN ) | |
| and ) | |
| ANTHONY BUCCI, ) | |
| Defendants. ) | |

### THE DEFENDANT DAVID JORDAN'S MOTION *IN LIMINE* TO EXCLUDE SPECIFIC INSTANCES OF CONDUCT (WITH INCORPORATED MEMORANDUM)

Now comes the defendant, David Jordan ("Jordan"), and moves this Court to enter an order precluding the Government from utilizing specific prior acts that are based on rumors and innuendo as an impeachment tool should the defendant testify in this trial. In support of this motion, the defendant states that said evidence is inadmissible pursuant to Fed.R.Evid. Rule 608(b) and Rule 403.

Ordinarily, the government cannot elicit evidence of prior similar bad acts to show that a defendant has a propensity to commit such acts and is thus more likely to have committed the crime now charged. *Fed.R.Evid. Rule 404(a).* However, Federal Rule of Evidence 608 which sanctions the use of opinion or reputation evidence to establish the truthful or untruthful character of a witness, does allow inquiry into specific instances of conduct on cross examination. *Fed.R.Evid. Rule 608(b).* *See also U.S. v. Cudlitz*, 72 F.3d 992 (1st Cir. 1996). Pursuant to this rule, specific instances may, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on

cross-examination of the witness.  However, Rule 608 proscribes extrinsic proof of such acts.

A defendant who testifies is subject to impeachment in the same manner as any other witness.  *U.S. v. McMurray*, 20 F.3d 831, 834 (8th Cir. 1994).  In this case, based on the discovery materials provided, if Jordan testifies, it is anticipated that the Government will attempt to cross-examine him as to specific instances of conduct arising from prior cases in his police work.  The Government must have a good faith basis for asking any question and should be precluded from inquiring about any conduct that is based on rumor, gossip, conjecture and speculation.  *U.S. v. Simonelli*, 237 F.3d 19 (1st Cir. 2001). In fact, the discretion of the court under Rule 608 is guided by several factors, including "whether the instances of prior untruthfulness bore some similarity to the conduct at issue, whether or not they were remote in time, whether they were cumulative of other evidence, and whether there was some likelihood they happened." *U.S. v. Simonelli*, *supra*, at 23.

Moreover, the Court is required to balance the probative value of specific instance evidence against the potential dangers of such evidence as recognized in Fed.R.Evid. Rule 403.  Here, the evidence has minimal, if any, probative value and is nothing more than an attempt to show the defendant's "bad character or propensity to commit the crime charged" which is specifically prohibited by Rule 404(b).  *United States v. Varoudakas*, 233 F.3d 13, 118-127 (1st Cir. 2000).

Wherefore, the Government should be precluded from cross-examining the defendant as to specific acts that are similar to the conduct at issue, remote in time and based on rumor, gossip, conjecture and speculation.

Respectfully Submitted:
Defendant,
DAVID JORDAN,
By his attorney,

/s/ Thomas Drechsler

_____
Thomas Drechsler, Esq.
B.B.O. #134840
FINNERAN, BYRNE & DRECHSLER, L.L.P.
Eastern Harbor Office Park
50 Redfield Street
Boston, MA 02122
Tel. (617) 265-3900


DATED: April 3, 2006


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document has been served the above date, electronically through the ECF system, upon Assistant U.S. Attorney John T. McNeil, and to all registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Thomas Drechsler

_____
Thomas Drechsler