UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
        v.               )
                         )   CRIMINAL NO. 04-10194-RCL
DAVID JORDAN             )
        and              )
ANTHONY BUCCI,           )
        Defendants.      )

### DEFENDANT, DAVID JORDAN'S, MOTION FOR JUDGMENT OF ACQUITTAL

Now comes the defendant, David Jordan ("Jordan"), and pursuant to Fed.R.Crim.P. Rule 29, moves this Honorable Court to enter a judgment of acquittal of all the offenses charged in the indictment. As reasons therefore, Jordan states that the Government's evidence is insufficient for submission to the jury. Pursuant to Rule 29, "a judgment of acquittal should be granted when the evidence and all reasonable inferences to be drawn from the evidence, both taken in the light most favorable to the government, are insufficient for a rational fact finder to conclude that the prosecution has proven, beyond a reasonable doubt, each of the elements of the offense." *U.S. v. Pimental*, 380 F.3d 575, 583 (1st Cir. 2004); *U.S. v. Campbell*, 268 F.3d 1, 6 (1st Cir. 2001).

### Count 1: 21 U.S.C. § 846 - Conspiracy

In Count 1 of the indictment, Jordan is charged with conspiring with others, from on or about December of 2003, and continuing to on or about May 20, 2004, to distribute, and possess with intent to distribute, three kilograms of cocaine. The Government must prove beyond a reasonable doubt: (1) that the agreement specified in the indictment, and not some other agreement or agreements, existed between Jordan and the others to possess with intent to

distribute or to distribute cocaine; and, (2) that Jordan willfully joined in that agreement. The standard to be applied is "whether the total evidence, including reasonable inferences, when put together is sufficient to warrant a jury to conclude that a defendant is guilty beyond a reasonable doubt. *U.S. v. Does*, 921 F.2d 340 (1st Cir. 1990). Here, the Government failed to establish that Jordan agreed with Minotti, Bucci and Muolo to commit the substantive offense of cocaine distribution. There is no evidence that Jordan willfully participated in the conspiracy alleged. The relationship between Jordan and the others does not contain enough elements of "common knowledge" and "shared purpose" to support a finding that they were co-conspirators. *U.S. v. Moran*, 984 F.2d 1299, 1303 (1st Cir. 1993). The Government has failed to produce evidence that Jordan knew of the essential features and general aims of the venture. Additionally, there is no evidence of drugs connected to this defendant. Therefore, a judgment of acquittal should enter on this count.

### Count 2: 21 U.S.C. § 841 (a) (1) (Possession with Intent to Distribute) and 18 U.S.C. § 2 (Aiding and Abetting)

Jordan is charged in Count 2 with knowingly possessing with intent to distribute three kilograms of cocaine on or about December 24, 2003 and aiding and abetting to accomplish same. The Government must produce evidence of the following: (1) that on that date Jordan possessed cocaine, either actually or constructively; (2) that he did so with a specific intent to distribute the cocaine over which he had actual or constructive possession; and, (3) that he did so knowingly and intentionally. To "aid and abet" means to intentionally help someone else commit a crime. The Government would have to show that (1) someone else committed the charged crime, and, (2) that Jordan consciously shared the other person's knowledge of the underlying criminal act, intended to help him, and willfully took part in the endeavor, seeking to

make it succeed. *U.S. v. Spinney*, 65 F.3d 231, 234-35 (1st Cir. 1995). The Government has not produced sufficient evidence of the required elements of this count. Therefore, a judgment of acquittal should enter. Here there is no evidence that Jordan consciously shared knowledge of the underlying criminal act. Additionally, there is not one shred of evidence that any drugs or cocaine admitted into evidence is connected to Jordan. Therefore, a judgment of acquittal should enter on this count.

### Count 3: 18 U.S.C. § 924 (C)(1)(A) and (2)
### Using Or Carrying A Firearm During and in Relation to the Drug Trafficking Crimes Charged in Counts 1 and 2 of Violence

In Count 3, Jordan is charged with knowingly and intentionally using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, the drug trafficking crimes charged in Counts 1 and 2. To survive a Rule 29 motion, the Government must produce sufficient evidence of the following: (1) that Jordan committed the crime of conspiring to possess cocaine with the intent to distribute it as described in Count 1 of the indictment; or that he committed the crime of possession of cocaine with intent to distribute it on December 24, 2003, or aiding and abetting that offense, as described in Count 2 of the indictment; and, (2) that Jordan knowingly used or carried a firearm during and in relation to the commission of the crimes charged in Count 1 or Count 2, or possessed a firearm in furtherance of the commission of the crimes charged. As a police officer, it would be anticipated that Jordan would be carrying a firearm. The Government must show that Jordan actively used the firearm during and in relation to the predicated crime. Even if the evidence is taken in a light most favorable to the Government, it fails to show that Jordan possessed the gun to further the drug crime. *U.S. v. Grace*, 367 F.3d 29 (1st Cir. 2004). Thus, a judgment of acquittal should enter on this count.

### Count 4: 18 U.S.C. § 1512(b)(3)–Attempted Witness Tampering

In Count 4, Jordan is charged with attempted witness tampering. The Government claims that Jordan attempted to intimidate and corruptly persuade others to give untruthful information to law enforcement agents concerning the drug "rip off." The Government must show: (1) that Jordan knowingly used intimidation or knowingly corruptly persuaded another person, or attempted to do so; and, (2) that Jordan acted with the intent to hinder, delay or prevent the communication to federal law enforcement officers of information related to the commission of a possible federal offense. Here, the Government has not produced sufficient evidence that Jordan (1) knowingly used intimidation or physical force, or threatened or attempted to do so, (2) with the intent to cause or induce a person to withhold testimony or other evidence from an official proceeding. *U.S. v. Johnson*, 968 F.2d 208, 211 (2nd Cir. 1992). Thus, a judgment of acquittal should enter on this count.

### Counts 6-8: 18 U.S.C. § 1001 – (Making a False Statement to a Federal Agency)

Jordan is also charged with knowingly and willfully making false statements and fraudulent material statements in a matter within the jurisdiction of the Drug Enforcement Administration. Count 6 alleges that the false statement made by Jordan was that he forgot the name of the "Italian." Count 7 alleges that Jordan falsely stated that his "informant" was at home when Jordan arrived at the hospital. In Count 8 it is alleged that Jordan falsely stated that the Mercedes he observed in the hospital lot was "champagne" or "grayish." The government must prove each of these elements beyond a reasonable doubt: (1) that Jordan knowingly made a material false statement; (2) that Jordan made the statement voluntarily and intentionally; and, (3) that Jordan made the statement in a matter within the jurisdiction of the Drug Enforcement Administration; (4) with knowledge of its falsity. *U.S. v. Duclos*, 214 F.3d 27, 33 (1st Cir. 2000).