UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | |
| ) | CRIMINAL NO. 04-10194-RCL |
| DAVID JORDAN ) | |
| and ) | |
| ANTHONY BUCCI, ) | |
| Defendants.   ) | |

### DEFENDANT, DAVID JORDAN'S, RENEWED MOTION FOR JUDGMENT OF ACQUITTAL

Now comes the defendant, David Jordan ("Jordan"), and pursuant to Fed.R.Crim.P. Rule 29(c), moves this Honorable Court to enter a judgment of acquittal notwithstanding the verdict on all counts of the indictment. The Rule 29 standard is identical in both the trial and appellate courts; the court must discern whether, after considering the evidence in the light most favorable to the government, and taking all reasonable inferences in its favor, a rational factfinder could have found guilt beyond a reasonable doubt. *See U.S. v. Carroll*, 105 F.3d 740, 742 (1st Cir.), *cert. denied*, 117 S.Ct. 2424 (1997); U.*S. v. O'Brien*, 14 F.3d 703, 706 (1st Cir. 1994). Jordan states that the Government's evidence was insufficient for a factfinder to conclude that the prosecution had proven, beyond a reasonable doubt, each of the elements of the offenses charged. *U.S. v. Pimental*, 380 F.3d 575, 583 (1st Cir. 2004); *U.S. v. Campbell*, 268 F.3d 1, 6 (1st Cir. 2001).

### Count 1: 21 U.S.C. § 846 - Conspiracy

To convict Jordan of conspiring with others to distribute, and possess with intent to distribute, three kilograms of cocaine, the Government had to prove beyond a reasonable doubt:

(1) that the agreement specified in the indictment, and not some other agreement or agreements, existed between Jordan and the others to possess with intent to distribute or to distribute cocaine; and, (2) that Jordan willfully joined in that agreement. The Government must prove that those involved shared a general understanding about the crime. Mere similarity of conduct among various persons, or the fact that they may have associated with each other or discussed common aims is not necessarily enough to establish proof of a conspiracy. *U.S. v. Piper,* 35 F.3d 611, 614-615 (1st Cir. 1994).

Here, the Government failed to establish beyond a reasonable doubt that Jordan agreed with Minotti, Bucci and Muolo to commit the substantive offense of cocaine distribution. In fact, the relationship between Jordan and the others did not contain enough elements of "common knowledge" and "shared purpose" to support a finding that they were co-conspirators. *U.S. v. Moran*, 984 F.2d 1299, 1303 (1st Cir. 1993). The Government simply failed to produce sufficient evidence that Jordan knew of the essential features and general aims of the venture. Additionally, there was no evidence that Jordan willfully participated in the conspiracy alleged. To act "willfully" means to act voluntarily and with the specific intent that the underlying crime be committed. *U.S. v. Monteiro*, 871 F.2d 204, 208-09 (1st Cir. 1989). The evidence at trial was insufficient to establish that Jordan possessed the specific intent to commit the underlying crime. Therefore, the Government failed to prove each of the elements of this offense.

### Count 2: 21 U.S.C. § 841 (a) (1) (Possession with Intent to Distribute) and 18 U.S.C. § 2 (Aiding and Abetting)

The jury also found Jordan guilty of Count 2 which charged him with knowingly possessing with intent to distribute three kilograms of cocaine and aiding and abetting to accomplish same. To prove this charge, the Government must have produced evidence: (1) that

Jordan possessed cocaine, either actually or constructively; (2) that he did so with a specific intent to distribute the cocaine; and, (3) that he did so knowingly and intentionally. To "aid and abet" means to intentionally help someone else commit a crime and the Government needs to prove two distinct elements beyond a reasonable doubt. First, that someone else committed the crime charged; and second, that Jordan consciously shared the other person's knowledge of the underlying criminal act, intended to help him, and willfully took part in the endeavor, seeking to make it succeed. *U.S. v. Spinney*, 65 F.3d 231, 234-35 (1st Cir. 1995). At trial, there was insufficient evidence to support a conviction on this count. The Government failed to prove beyond a reasonable doubt that Jordan shared the other persons' knowledge of the underlying crime and that he willfully took part in the endeavor. Mere presence at the scene of the crime and even knowledge that a crime is being committed is not sufficient. Moreover, there was no evidence to support the jury's finding that the amount of cocaine possessed was 500 grams or more. In fact, there was no evidence that any cocaine was connected to the defendant, Jordan.

### Count 3: 18 U.S.C. § 924 (C)(1)(A) and (2)
### Using Or Carrying A Firearm During and in Relation to the Drug Trafficking Crimes Charged in Counts 1 and 2 of Violence

In Count 3, Jordan was charged with knowingly and intentionally using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, the drug trafficking crimes charged in Counts 1 and 2. To find Jordan guilty of this charge, the Government needed to prove the following beyond a reasonable doubt: (1) that Jordan committed the crime of conspiring to possess cocaine with the intent to distribute it as described in Count 1; or that he committed the crime of possession of cocaine with intent to distribute or aiding and abetting that offense, as described in Count 2 and, (2) that Jordan knowingly used or carried a firearm during and in relation to the commission of the crimes charged in Count 1 or Count 2, or possessed a

firearm in furtherance of the commission of the crimes charged in Counts 1 and 2.  Here, even if the evidence is taken in a light most favorable to the Government, it fails to show that Jordan possessed the gun to further the drug crime.  There must have been some connection between the firearm and the underlying the crime.  As a police officer, it would be anticipated that Jordan would be carrying a firearm.  The Government failed to establish evidence that Jordan possessed the firearm in order to advance or promote criminal activity.  *U.S. v. Villafane-Jimenez*, 410 F.3d 74, 82-83 (1st. Cir. 2005); *U.S. v. Grace*, 367 F.3d 29 (1st Cir. 2004).

### Count 4: 18 U.S.C. § 1512(b)(3)–Attempted Witness Tampering

In Count 4, the Government alleged that Jordan had attempted to intimidate and corruptly persuade others to give untruthful information to law enforcement agents concerning the drug "rip off."  The Government needed to prove beyond a reasonable doubt: (1) that Jordan knowingly used intimidation or knowingly corruptly persuaded another person, or attempted to do so; and, (2) that Jordan acted with the intent to hinder, delay or prevent the communication to federal law enforcement officers of information related to the commission of a possible federal offense.  The word "knowingly" means that the act was done voluntarily and intentionally with the knowledge that it was wrong, and not because of mistake or accident.  *U.S. v. Cruzado-Laureano,* 404 F.3d 470, 487 (1st Cir. 2005); U*.S. v. Johnson*, 968 F.2d 208, 211 (2nd Cir. 1992).  At trial, there was insufficient evidence for a reasonable jury to conclude that Jordan knowingly intimidated or corruptly persuaded Minotti to withhold information.  Additionally, the Third Circuit has noted that an attempt to persuade a co-conspirator (Minotti) not to reveal information about the conspiracy to federal law enforcement officials is not proscribed by the "corruptly persuades" clause of § 1512(b) because the co-conspirator enjoys a 5th Amendment privilege. *U.S. v. Farrell,* 126 F.3d 484 (3d Cir. 1997).

**Counts 6-8: 18 U.S.C. § 1001 – (Making a False Statement to a Federal Agency)**

Jordan was also convicted of knowingly and willfully making false statements and fraudulent material statements in a matter within the jurisdiction of the Drug Enforcement Administration. Count 6 alleged that the false statement made by Jordan was that he forgot the name of the "Italian." Count 7 alleged that Jordan falsely stated that his "informant" was at home when Jordan arrived at the scene. In Count 8 it was alleged that Jordan falsely stated that the Mercedes he observed in the hospital lot was "champagne" or "grayish." The Government had to prove each of these elements beyond a reasonable doubt: (1) that Jordan knowingly made a material false statement; (2) that Jordan made the statement voluntarily and intentionally; and, (3) that Jordan made the statement in a matter within the jurisdiction of the Drug Enforcement Administration; (4) with knowledge of its falsity. *U.S. v. Duclos*, 214 F.3d 27, 33 (1st Cir. 2000). At trial, there was insufficient evidence for a factfinder to conclude beyond a reasonable doubt that Jordan knew that the statements made were false or that he "demonstrated a reckless disregard for the truth, with a conscious purpose to avoid learning the truth." *U.S. v. London*, 66 F.3d 1227, 1241-42 (1st Cir. 1995).

## Conclusion

For the foregoing reasons, as to the defendant, David Jordan, the verdict should be set aside and a judgment of acquittal entered on each count.

                        Respectfully Submitted:
                        Defendant,
                        DAVID JORDAN,
                        By his attorney,

                        /s/ Thomas Drechsler
                        Thomas Drechsler, Esq.
                        B.B.O. #134840
                        FINNERAN, BYRNE & DRECHSLER, L.L.P.
                        Eastern Harbor Office Park
                        50 Redfield Street
                        Boston, MA 02122
                        Tel. (617) 265-3900

DATED:   April 19, 2006

## CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the foregoing document has been served the above date, electronically through the ECF system, upon Assistant U.S. Attorney John T. McNeil, and to all registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                        /s/ Thomas Drechsler
                        Thomas Drechsler