UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10194-RCL |
| | ) | |
| DAVID JORDAN | ) | |
| | ) | |
| Defendant | ) | |

### GOVERNMENT'S PARTIAL OPPOSITION TO DEFENDANT JORDAN'S MOTION TO POSTPONE SENTENCING

The United States of America by and through Assistant United States Attorney John T. McNeil, respectfully files this partial opposition to Defendant Jordan's Motion to Postpone Sentencing and Other Relief (Doc. No. 313). Jordan has recently retained new counsel for sentencing and appeal and seeks an indefinite continuance of the sentencing hearing for counsel to obtain and review the trial transcripts in this matter.[1]

The government has no objection to a continuance of the sentencing hearing for up to six weeks for new counsel to familiarize himself with the record in this case. However, the government opposes linking a continuance of the sentencing hearing to the production of trial transcripts. First, it often takes months to produce trial transcripts, and completion dates routinely slip, particularly when court reporters are ordered by the First Circuit to complete transcripts for other cases on appeal. Continuing this matter contingent on the receipt of trial transcripts could lead to a delay of many months. Second, complete transcripts are unnecessary to prepare for Jordan's sentencing in this case. The guideline application is driven almost exclusively by the counts of conviction. With the exception of the quantity of cocaine (which

---

[1] Jordan seeks a delay of the sentencing and estimates that he needs six weeks after receipt of the full trial transcripts.

was universally testified to be 3 kilograms), his abuse of a position of trust, and whether Jordan perjured himself at trial, the sentencing guideline factors (and the mandatory minimum sentence) are the direct product of the jury's findings. The transcript of Jordan's direct testimony – the core evidence of his perjury and the abuse of his position of trust – was completed during the trial and is already available for counsel's review. Thus, to delay the sentencing hearing indefinitely for the preparation of a complete set of trial transcripts is neither necessary nor appropriate.[2]

For the foregoing reasons, the government respectfully requests that the Court deny Defendant Jordan's motion for an indefinite continuance of the sentencing hearing, and schedule the matter some time before November 1, 2006.

                                                Respectfully submitted,

                                                MICHAEL J. SULLIVAN
                                                United States Attorney

August 23, 2006                      BY:    /s/ John T. McNeil
                                                JOHN T. McNEIL
                                                Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I, John T. McNeil, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

                                                /s/ John T. McNeil
                                                JOHN T. McNEIL
                                                Assistant U.S. Attorney

---

[2] The government also notes that both Mr. Drechsler and Ms. Luise, who were trial counsel for Mr. Jordan, remain counsel of record and can advise new counsel on issues which arose at trial.