UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____

NO. 04-CR-10194-RCL

_____

UNITED STATES

v.

DAVID JORDAN,
Defendant

_____

**SENTENCING MEMORANDUM OF DEFENDANT DAVID JORDAN**

The defendant David Jordan, by his counsel, submits this memorandum to assist the Court in fashioning an appropriate sentence. The defendant urges the Court to impose a sentence of ten (10) years, as follows: on counts 1, 2, 4, 6, 7, and 8, a sentence of five (5) years; on count 3, a sentence of five (5) years, consecutive to the other sentences. The defendant recommends a term of supervised release of four (4) years, no fine, and a special assessment of $700.

1.  **The Court Should Determine That Count 3, Charging Use or Carrying of a Firearm in the Course of a Drug Crime, Carries a Five (5) Year Consecutive Sentence, Rather than a Seven (7) Year Consecutive Sentence, Because the Government Has Not Proven Brandishing.**

The jury found the defendant guilty of count 3, charging a violation of 18 U.S.C. § 924(c). The statutory penalty is a five (5) mandatory minimum, unless the Court finds, by a preponderance of the evidence, that the defendant brandished the weapon. Harris v. United States, 536 U.S. 545 (2002). In that case, the statute calls for imposition of a seven (7) year mandatory minimum, consecutive to any other sentence.

In this case, the defendant contends that the Court should find that the government has failed to prove by a preponderance that Jordan brandished the weapon. First, neither of the agents – Agent Drouin and Sgt. Quin – who were conducting surveillance of the back lot at the Malden Hospital saw the defendant brandish his weapon. Sgt. Quin testified that he and Agent Drouin repositioned their vehicle from behind the retaining wall to a location more conducive to surveillance <u>before</u> Jordan arrived at the location where Ruiz parked. Tr. 5-59-60. Neither saw him with a weapon. The surveillance report – prepared shortly after the December 24 events – describes the agents' observations in considerable detail, and similarly does not mention seeing Jordan with a weapon.

To be sure, Carlos Ruiz testified that Jordan pointed a gun in his face as he approached the vehicle. In addition, two recorded conversations were played for the jury in which Ruiz claimed to Tommy (who introduced Ruiz to Minotti) and Minotti that the cop (Jordan) had pointed a gun at him. Those calls were made, however, when Ruiz was trying to convince Tommy and Minotti to assist Ruiz in recovering the money he was owed or his cocaine. They were made at a time when Ruiz was energetically trying to obtain redress by threatening violence against one and all. Moreover, Ruiz was shown by cross-examination and through other calls to have engaged in braggadocio, claiming that he was going to kill Minotti and/or Bucci. The jury's verdict does not dictate the result for the Court. Under the instructions, the jury could convict the defendant on count 3 without finding that he brandished the firearm. The Court should have stronger evidence of brandishing than the word of Ruiz to impose an extra two years on the defendant.

**2.    The Court Should Vary Jordan's Sentence from the Guideline Sentencing Range Because the Range is "Greater than Necessary" to Accomplish the Purposes of Sentencing.**

As a result of the Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Court is free to impose a sentence outside of the applicable guideline range. In short the guidelines are no longer mandatory. After <u>Booker</u>, issues that were not previously the basis for a departure (as that term is used in the guidelines) can justify a sentence below the range. <u>United States v. Antonakopoulos</u>, 399 F.3d 68, 83 (2005)(family circumstances not rising to the level of a departure). In <u>United States v. Pho</u>, 433 F.3d 53, 64 (1st Cir. 2006), the court explained, "By the same token, we do not intend to diminish the discretion that, after Booker, district courts enjoy in sentencing matters or to suggest that, in a drug-trafficking case, the nature of the contraband and/or the severity of a projected guideline sentence may not be taken into account on a case-by-case basis." (Explaining the that lower court could not apply a blanket policy rejecting a guideline requirement, but could consider it in a particular case).

The confluence of guideline adjustments leads to an extraordinarily harsh result in Jordan's case. The two level adjustment for abuse of position of trust, USSG 3B1.3, is applied in the final presentence report. In addition, the defendant will receive an increase in his sentence of five or seven years for use of a firearm, which he was required to carry. Under the mandatory guidelines, the defendant would have a tough road to hoe making a "double counting" challenge. <u>United States v. Lilly</u>, 13 F.3d 15, 19-20 (1st Cir. 1994)(explaining that double counting is ordinarily permissible unless expressly prohibited by guidelines).

Here, however, the resulting guideline calculation is extreme. Under the final presentence

report, the drug offense is calculated as a level 32 (28 for drug quantity, plus 2 for obstruction, plus 2 for abuse). That yields a range of 121 to 151 months, to which the five or seven year mandatory must be added. Thus the two level adjustment for abuse adds two to two and one-half years to Jordan's sentencing range. (Level 30 would carry a range of 97 to 121 months). If the jury found nothing more than that a police officer took part in the drug rip off, while wearing (and not brandishing) his service revolver, the two factors (abuse of trust and use of a gun) would add from seven to seven and one-half years. If the court decides that the defendant brandished the weapon, then the two factors would add nine to nine and one-half years.

In light of the close alignment of the two factors, the Court would be justified in deciding that the sentence should be adjusted downward to reflect a finding that the combination of factors results in a range that is "greater than necessary" to accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

3.  **The Court Can Consider the Defendant's Role as a Husband and Father, and His Career as a Police Officer, in Deciding Whether the Guideline Sentence is "Greater than Necessary" to Accomplish the Purposes of Sentencing.**

A number of letters have been received by the Probation Department from people in the community who think highly of David Jordan's role as a husband and father, and his almost twenty year career as a police officer. Counsel understands that the Probation Department will transmit the letters to the Court prior to sentencing. Some of the letters are quite touching. They should be considered by the Court. Both before and after December 24, 2003, David Jordan cared deeply for his family. It is apparent that they have suffered and will suffer a grievous loss as a result of the defendant's conviction.

The defendant worked for the Malden Police Department from 1985 until his arrest in May 2004, period of almost 19 years. He rose to the rank of detective. The presentence report indicates that he received a number of commendations for his work, and was a finalist for Officer of the Year in 2003. He has lost his job as a result of this offense.

The Court can and should take into account that defendant's good qualities in deciding how harsh a sentence to impose. 18 U.S.C. § 3553(a)(1) (history and characteristics of the defendant).

**4.     The Court Can Consider the Defendant's Role in the Offense in Deciding What Sentence to Impose.**

Evidence from the government's witnesses at trial established that the defendant appeared to be hesitant to join the conspiracy. While Jon Minotti gave various accounts of how long it took him to persuade Jordan to join, a fair reading of the testimony suggests that the defendant was hesitant to join, decided to join at the last minute, and even then almost backed out when Muolo mentioned that his father was a state trooper. In addition, it is apparent that Jordan quickly realized what a mess he had gotten himself into, because, according to Minotti, Jordan returned virtually all of the money he was paid, and encouraged Minotti to get the others to do so as well. These factors can also be considered. 18 U.S.C. § 3553(a)(1)(nature and circumstances of the offense).

**5.      The Court Should Not Upwardly Depart for Multiple Acts of Obstructive Conduct.**

The Presentence Report suggests that the Court might consider an upward departure because of multiple acts of obstructive conduct. Besides the counts of conviction, the report suggests that the Court might find the defendant committed perjury when he testified, and might find the two level adjustment for obstruction to be inadequate. The defendant contends that he should not receive an upward departure. Under USSG 5K2.0(a)(2)(B), an upward departure for "unidentified circumstances" is allowed only in the "exceptional case." The commission of multiple acts of obstructive conduct is not identified as a grounds for upward departure in the 3C1.1 guideline. The conduct in this case cannot be deemed exceptional in this regard.

**6.      In Light of the Supreme Court's Decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), Jordan Cannot Be Sentenced to More than Five Years on Count 3, Because the Brandishing Issue Was Not Presented to the Jury Nor Was It Decided Beyond a Reasonable Doubt.**

The defendant contends that the Court is limited to imposing a five year sentence on count 3 because the brandishing issue was not presented to the jury, nor does the present caselaw require the brandishing decision to be made by a reasonable doubt standard. The defendant contends that the Court's decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), suggests that <u>Harris v. United States</u>, 536 U.S. 545 (2002), will soon be overruled. The defendant recognizes that the First Circuit has rejected the claim that district judges should act as if <u>Harris</u> has been overruled. <u>United States v. Lizardo</u>, 445 F.3d 73, 89-90 (1st Cir. 2006). This argument is presented to preserve the issue should the caselaw change.

## CONCLUSION

The guideline calculation in this case results in an overly draconian sentence. While Mr. Jordan stands convicted of a serious offence, it does not warrant 17 to 19 years in prison. A sentence ten years (or 12 if the Court disagrees with defendant on the brandishing issue) is sufficient, but not greater than necessary, to serve the purposes of sentencing.

         Respectfully submitted
         The defendant David Jordan
         By his counsel

         /s/ Charles W. Rankin
         _____
         Charles W. Rankin
         BBO No. 411780
         Rankin & Sultan
         151 Merrimac St.
         Boston, MA 02114-4717
         (617) 720-0011

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non participants on November 13, 2006. In addition, I served a copy on Probation Officer Jeffrey R. Smith by hand on this date.

         /s/ Charles W. Rankin
         _____
         Charles W. Rankin